GRANVILLE C. WOODS, MRS. LAVENA TYUS, TROY BROWN, JULIUS C. BROWN, FREDA BELL GREEN, VADA LEE TILFORD AND ELBERT STACY TILFORD, RESPONDENTS, v. MELVIN T. WOODS, APPELLANT.—170 S. W. (2d) 430.

Kansas City Court of Appeals. April 5, 1943.

*H. K. West* and *C. K. Hart* for appellant.

*R. C. Mullins* and *Lon R. Owen* for respondents.

No brief for respondents.

BOYER, C.—Action in partition. Plaintiffs sought and obtained an interlocutory decree. The court found that partition 'in kind could not be made without great prejudice to the parties in interest and ordered the land sold at public auction by the sheriff of the county who was to report his proceedings; and the court retained jurisdiction for all other proper orders and proceedings. The defendant duly appealed.

The points presented in the brief for consideration are (1) that the court had no jurisdiction to proceed with the case when it appeared that some of the plaintiffs were minors; (2) that the petition does not state facts sufficient to constitute a cause of action; and (3) incompetent testimony. The petition, omitting caption and signature of the attorney, is the following:

"Plaintiffs state that Samuel Woods, a resident of Linn County, Missouri, died intestate on the 13th day of July, 1911, the owner in fee simple of the following described real estate, to-wit:

"The south half of the southeast quarter of section seventeen (17) in township fifty-eight (58) range twenty-one (21) in Linn County, Missouri.

"That said Samuel Woods left surviving him, his widow, Martha Woodse, who died on March 9, 1941; and children as follows: Granville C. Woods, Mrs. Lavena Tyus, Melvin T. Woods, and Nora Woods Brown. That said daughter, Nora Brown, died on May 29, 1939, leaving as her heirs three sons as follows: Freeman Leroy Brown, Troy Brown, and Julius C. Brown, and three grandchildren, to-wit: Freda Bell Green, Vada Lee Tilford and Elbert Stacy Tilford, all of said grandchildren were children of Lavinia Tilford, a daughter of Nora Brown, who died on May 2nd, 1938.

"Plaintiffs further say that heretofore, to-wit on the 21st day of April, 1941, by his warranty deed duly recorded in Book 302 at

page 282 of the Recorder's Office, Freeman Leroy Brown, aforesaid, conveyed to Melvin T. Woods and Granville C. Woods, jointly all his undivided right and title in and to the said above described land.

"Plaintiffs state that the interest of the parties in said land is as follows, to-wit: Granville C. Woods, nine thirty seconds' (9-32); Melvin T. Woods, nine thirty seconds' (9-32); Mrs. Lavena Tyus, one fourth (1-4); Troy Brown, one sixteenth (1-16); Julius C. Brown, one sixteenth (1-16); Freda Bell Green, Vada Lee Tilford and Elbert Stacy Tilford, each a one forty-eighth (1-48).

"Wherefore plaintiffs pray that as partition in kind cannot be had without great prejudice to the parties in interest, that the same be ordered to be sold and the proceeds be divided among the parties in proportion to their respective interests. And for such other orders, decrees and relief as to the Court may seem meet and just in the premises."

The defendant filed a plea to the jurisdiction, designated a plea in abatement, on the ground that certain named plaintiffs were minors; that the suit was not commenced by a regularly appointed guardian, nor by next friend; and that the court had no jurisdiction of their persons and had no lawful right, power or authority to proceed further with the case. The record recites that the plea in abatement was overruled. Respondent contends that it was withdrawn, but both parties agree that upon filing of the plea in abatement an order was made by the court appointing Hon. L. R. Owen to act as guardian *ad litem* for the minors named. The decree recites that such appointment was made. Defendant then filed a demurrer to the petition which was overruled, and defendant answered by way of a general denial and a further answer that certain named plaintiffs were minors and had no right to bring or prosecute this suit as such in their names, and the suit was not prosecuted by the natural guardian or a guardian appointed by a court of proper jurisdiction for that purpose, nor by next friend.

Granville C. Woods, a son of Samuel Woods, gave testimony in support of all of the allegations of the petition. There was but a brief cross examination in reference to some of the infant plaintiffs. Defendant offered no evidence.

The decree, after preliminary recitals of appearances and appointment of the guardian *ad litem* for named minor plaintiffs, finds that the plaintiffs and the defendant are tenants in common and owners in fee simple of the land described in the petition, setting forth the description in full; and further finds that the parties are the heirs at law of Samuel Woods, deceased, who died intestate seized and possessed of the described land, and that all debts and claims against his estate had been paid; that the widow of Samuel Woods died; and that one of the heirs had conveyed his interest to Granville C. Woods and Melvin T. Woods jointly. The decree then sets forth the inter-

ests of the several parties in said land, the same as alleged in the petition, and finds that partition in kind cannot be made without great prejudice to the parties in interest, and concludes with the order and judgment for sale heretofore recited.

The contention of appellant that the infant plaintiffs could not sue by attorney, and inasmuch as they did not sue by a regularly appointed guardian or next friend that the court had no jurisdiction of their persons and no right to proceed, is wholly untenable. Section 1709, Revised Statutes 1939, provides that in all cases where lands are held by tenants in common it shall be lawful for any one or more of the parties interested therein, *whether adults or minors,* to file a petition in the circuit court of the proper county for the partition or sale of the premises and a division of the proceeds according to their respective rights and interests.

The jurisdiction of the infant plaintiffs did not depend on whether they had duly appointed guardians or a next friend at the inception of the suit. Appearance by an attorney was sufficient for that purpose. [Padgett v. Smith, 206 Mo. 303, 313, and cases cited.] When the fact of the minority of some of the plaintiffs was called to the attention of the court, a guardian for all of them was named for the purposes of the case. It is conceded that he acted as such guardian *ad litem,* and there is no question raised as to the validity of his appointment and qualification. He was an attorney at law, and there is no complaint of his failure to participate in the case and fully perform his duties as such. In fact, he joined in the brief of respondent and argued the case on appeal before this court in support of the judgment. The court had jurisdiction of the infants, and there was no error in the appointment of the guardian *ad litem* and proceeding with the case. [Hanlin v. Meat Co., 174 Mo. App. 462, 465.] The fact that guardians and curators of the estates of minors are authorized to represent their wards in partition proceedings as provided in Section 1718, Revised Statutes 1939, cited by appellant, does not affect the power of the court to appoint a guardian for a minor in a partition proceeding when he has no such guardian or curator; and the following section, 1719, also cited by appellant, expressly provides for the appointment of a guardian for any minor in a partition proceeding, and that such guardian shall have the same power as any general guardian.

It is insisted that the petition is wholly insufficient in that it fails to allege that the parties were the only heirs or were seized and possessed of the land; that it does not show that the action was brought by any person having legal capacity to sue, and because the interests of the parties are not set forth as required by Sections 1713 and 1714, Revised Statutes 1939. The interests of the parties are definitely set forth and the court found the interest of each party to be the same as that alleged. The question of legal capacity to sue has

been determined. The petition is rather lean in some of the usual allegations, such as the statement that the parties to the proceedings are the sole and only heirs at law of the deceased ancestor. However, the names of all the children of the deceased are set forth as well as the names and relationship of all persons entitled to inherit, and the interest of each party is fully described and together constitute the whole interest in the property.

Aided by intendment and permissible inferences, the petition was sufficient to meet the objections made against it. Appellant does not claim that at the time of the institution of their suit, or at any other time, there was any other person than the parties to this proceeding who had any interest in the land, or who could assert any interest therein, and there is no claim by appellant that the interests of the respective parties as found by the court were wrong or not justified by the evidence. Notwithstanding the scant allegations in the petition, it does not fail to state a cause of action, and after judgment, and under the circumstances in this case, the deficiencies claimed should be disregarded and the petition held to be good. [Reineman v. Larkin, 222 Mo. 156, 172; Sec. 973, R. S. Mo. 1939; Sec. 1265, R. S. Mo. 1939.]

The final complaint is that the court permitted the witness to state his conclusion that the land was incapable of being divided in kind, and that there was no evidence to justify the finding of the court that partition in kind could not be made without great prejudice to the parties in interest. During the examination of the witness this occurred: "Q. It is just eighty acres of land where you live, and the land is incapable of being divided in kind? A. Yes, sir." After this question was answered, counsel for defendant objected to it as calling for a conclusion. The objection was overruled. There was no motion to strike out the answer on the ground that the question was answered before objection was made or for any other reason. Reversible error does not appear on account of what occurred. Even though the answer be a conclusion, the interests of the parties were such as to justify the finding and order of the court. It is obvious that interests in eighty acres of land amounting to one sixteenth, and as little as one forty-eighth, would not permit of partition in kind, and that the order of sale and distribution of the proceeds was entirely appropriate.

No prejudicial error against appellant materially affecting the merits of the action has been shown and reversal of the judgment is not justified. [Sec. 1228, R. S. Mo. 1939.] The result is that the judgment should be affirmed and the Commissioner so recommends. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of Boyer, C., is adopted as the opinion of the Court. The judgment is affirmed. All concur.