GEORGE J. ENGLAND ET AL., Respondents, v. ELMER POEHLMAN ET AL., Defendants, ERNEST W. SCOTT, Executor of Estates of L. F. POEHLMAN and MARTHA J. POEHLMAN, Deceased, Appellant, No. 41187—221 S. W. (2d) 742.

Division One, June 13, 1949.

Motion for Rehearing or to Transfer to Banc Overruled, July 11, 1949.

*Russell Roberts, Branham Rendlen* and *Rendlen, White & Rendlen* for appellant.

Farrington & Curtis and E. C. Curtis for respondents.

DOUGLAS, J.—This is a proceeding brought by the heirs to partition the lands of their deceased father and mother. They made the executor of their father's and mother's separate estates, who is the same person, a party defendant. The court entered a judgment of partition, the lands were sold, and the proceeds were being held by the sheriff. The heirs filed a motion for a partial distribution of the proceeds which the court ordered. The executor has appealed from the order of partial distribution.

At the hearing on the motion the evidence disclosed that time for filing claims against the estates had elapsed. It was shown that the maximum indebtedness against both estates might reach $22,225.37 including a provision for the allowance of an attorney's fee. The executor had on hand in both estates the total sum of $9,596.60, leaving a possible deficit as high as $12,628.77. The net proceeds of the sale of the real estate being held by the sheriff amounted to $134,613.73.

The court's order of partial distribution directed the sum of $90,000 be distributed to the heirs, and the balance of $44,613.73 to remain impounded in the hands of the sheriff subject to the further order of the court.

The executor contends here the trial court had no authority to order a partial distribution until the two estates had been finally settled and all claims against them fully discharged. He relies on Section 1722, R. S. 1939, Mo. RSA, which provides: "Upon judgment of partition in proceedings commenced under this article, where the lands, tenements or hereditaments, or any portion thereof, sought to be divided as hereinbefore directed, shall have descended to any of the parties in interest, and the court shall not be satisfied either that the estate from which the same has descended has been finally settled, and all claims against the same fully discharged, or that the personal property, or other real property not already partitioned, belonging to such estate, is more than sufficient to pay all claims and demands against the same, the order of distribution shall not apply to nor take effect upon any of the lands, tenements or hereditaments allotted, or the share of the proceeds of any sale adjudged to the parties whose interest shall have so descended, until such estate shall have been finally settled and all claims against the same fully discharged; and

until such final settlement, the interest of all parties in such lands, tenements or hereditaments, or in the proceeds of sale in cases where sale had been ordered, shall remain and be subject to the claims against the same.''

In this case we are confronted at the outset with the question whether an appeal lies from an order of partial distribution. If an appeal does lie then such an order must be either the type of interlocutory order which has been made appealable expressly by statute, or it must be a final judgment.

An order by which only part of the proceeds is distributed is an interlocutory order, but we hold it is not the kind of interlocutory order from which an appeal will lie. Section 126 of the new Civil Code carries over the same provision from the old code that an appeal will lie ''from any interlocutory judgments in actions of partition which determine the rights of the parties.'' § 847.126 RSA. An order of distribution, partial or final, does not of itself determine any such rights; such rights are declared in the judgment of partition entered before the sale is had and necessarily before the proceeds are even realized. The prior determination of the rights of the parties is a necessary precedent to an order of distribution.

An order of partial distribution by its very nature can not be a final judgment because it does not finally dispose of the whole case. See Magee v. Mercantile-Commerce Bank & Trust Co., 339 Mo. 559, 98 S. W. (2d) 614.

It is well settled that the final judgment in a partition suit, where a sale of the lands is had, is held to be the order whereby the sale is approved and the distribution of the proceeds provided for. Marsala v. Marsala, 288 Mo. 501, 232 S. W. 1048; Schee v. Schee, 319 Mo. 542, 4 S. W. (2d) 760; Biedenstein v. Feltz (Mo. App.) 156 S. W. (2d) 29. The latter case was an appeal from orders allowing attorney's and special commissioner's fees. The court held these were non-appealable interlocutory orders. It held the review of these orders must await ''the entry of final judgment directing the distribution, among the parties in interest, of the remainder of the proceeds of sale of the real estate after the payments of all costs and expenses of the proceedings.'' In the Schee case, supra, this court held that an order of distribution of the proceeds is essential to the final disposition of a partition suit.

Thus it is clear that the reference in the cases to an order of distribution in defining a final judgment in a partition suit can only mean an order of final distribution, an order which distributes all the proceeds, because otherwise the order would not finally dispose of the case. On the other hand an order of partial distribution leaves part of the proceeds undistributed and retained by the court subject to its further order. Such an order is an interlocutory order entered on an

intermediate motion made before final judgment. The very purpose of the motion contemplates the postponement of final judgment.

The appeal in this case is premature. It is not an appeal from a final judgment but from an interlocutory order which is not of the character made appealable by the code. Accordingly, the appeal should be dismissed.

But the executor contends this court has previously indicated in a proceeding ancillary to this appeal that such order of partial distribution is an appealable one. When the order was about to be entered, the executor applied for our writ of prohibition to prevent the trial judge from entering it. We refused to issue the writ. He reads into our order denying the writ, which, by the way, was a summary order without stating any reasons for our action, an indication that the order of partial distribution was an appealable one. He assumes this from the fact that ordinarily prohibition is refused where there is an adequate remedy by appeal. His assumption that this court's denial of the writ can be understood to imply such an indication is unwarranted. Without attempting here to review our denial of the writ or now to state any reasons therefor, we may say that interlocutory orders generally, including one for partial distribution, may be later reviewed on the appeal from the final judgment in the case. This court may have concluded that an appeal from the final judgment would provide an adequate remedy under the particular facts of this case.

Furthermore, since prohibition goes to jurisdiction, this court may have entertained the view that a trial court has inherent jurisdiction to order a partial distribution. Thus, if the order may have infringed the restrictions of Section 1722, on which the executor relies, it would be a question of error, not of the court's jurisdiction. In 47 C. J., Partition, § 861 it is stated: "The court having jurisdiction of the partition proceedings and hence of the funds resulting from the partition sale determines how distribution shall be made, which may be done in the judgment, decree, or order of sale, or in a subsequent judgment, decree, or order."

*Appeal dismissed.* All concur.