The FIRST NATIONAL BANK OF
CARROLLTON, Respondent,

v.

Margie EUCALYPTUS, f/k/a Margie
McFadden, Appellant.

No. WD 38073.

Missouri Court of Appeals,
Western District.

Nov. 12, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied Dec. 23, 1986.

Kay Madden, Wells, Slough, Connealy &
Irwin, Kansas City, for appellant.

Michael W. Bradley, Carrollton, for respondent.

Before GAITAN, J., Presiding and
DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant Margie Eucalyptus appeals from the trial court's entry of an interlocutory decree in partition which ordered the partition and sale of certain real property owned by her and the First National Bank of Carrollton as tenants in common. Eucalyptus contends that the trial court erred in ordering the sale of the property because there was no evidence before the court that the parties would be prejudiced by a partition in kind. The issue is whether this order denying partition in kind is an interlocutory decree in partition which *determines the rights* of the parties thereby making it appealable under § 512.020, RSMo 1978.

The land in question was purchased in 1966 by Eucalyptus and her then husband along with another couple. In 1970 Eucalyptus and her husband were divorced and each was awarded one-half of the one-half interest they had in the property so that each actually took a one-fourth interest in the total real estate. Sometime after the divorce, Eucalyptus's ex-husband purchased the one-half interest of the other couple to give him a three-fourths interest in the total property. The Bank took a note and deed of trust from the husband, later foreclosed, and ended up buying the property at the foreclosure sale, so that the Bank held the ex-husband's three-fourths interest in the whole property. There is no dispute as to the quantum of interest of each party.

The Bank filed a petition for partition in the trial court seeking sale of the land. The Bank pleaded that "the interest of each party, in the ... parcel of land, is that [Bank] is seized with an undivided one-half (½) interest, and [Bank] and [Eucalyptus] are seized with an undivided one-half (½) interest as Tenants in Common." In her answer Eucalyptus admitted the Bank's averments concerning each party's interest in the land, but denied that sale of the land would not greatly harm the parties, and she asked the court to partition the land in kind. The Bank filed a motion requesting

that the court order a sale without the appointment of Commissioners.

A hearing was held on the matter after which the court entered its order for the sale of the land for cash.

Eucalyptus appeals under the provision of § 512.020, RSMo 1978, which allows appeals from "any interlocutory judgments in actions of partition which determine the rights of the parties." Although respondent Bank does not contest the propriety of the appeal, the first issue before this court must necessarily be whether or not this appeal is permitted under the statute. For this appeal to be properly taken, it must be from an interlocutory order which "determine[d] the rights of the parties." § 512.-020. The fundamental question is the meaning of the statutory language, "determination of rights."

In *Young v. Young*, 175 S.W. 585 (Mo. 1915), the appellant claimed error in certain of the sale and distribution provisions in the trial court's interlocutory decree ordering a sale of property for partition. Before dismissing the appeal, the court noted that appellant was not asserting "any greater or less interest" in the property than he was given in the decree. *Id.* at 586. The court set out the statutory language based on the 1891 act which first provided for appeals from "interlocutory judgments in partition which determine the rights of the parties." *Id.* The court found that no right of interlocutory appeal existed upon the grounds asserted by appellant. *Id.* The language in § 512.020 concerning appeals from interlocutory judgments in partition is the same as was announced in the 1891 act. *See* Laws 1891, p. 70. *Young* necessarily concluded that issues concerning a sale and distribution were not a determination of the rights of the parties. The language referring to the quantum of interest would suggest the court viewed the statutory language as including only such direct interest as quantum of ownership.

In *Lee's Summit Building & Loan Association v. Cross*, 345 Mo. 501, 134 S.W.2d 19 (1939), defendant appealed from a final judgment confirming the report of the com-missioners who divided the land in a partition action. 345 Mo. at 505, 134 S.W.2d at 21. Plaintiff claimed certain matters were not preserved for appellate review because the motion for new trial was filed after the interlocutory judgment and not the final judgment. 345 Mo. at 505, 134 S.W.2d at 22. In the course of the court's analysis, it stated:

> [P]artition is different from the ordinary action in that usually the part of the trial, which determines the right of the parties in the property, takes place at a term prior to the term at which the trial of the case is completed and ready for final judgment. Because of this different nature of partition, the Legislature has provided a separate code for this action. [Citations omitted]. In order to afford an opportunity to promptly settle this issue of *title*, our appeal statute (sec. 1018, R.S. 1929, Mo.St.Ann. § 1018, p. 1286) was amended (Laws 1891, p. 70) to permit appeals "from any interlocutory judgment in actions of partition which determine the rights of the parties."

345 Mo. at 508, 134 S.W.2d at 22–23 (emphasis added). The court was suggesting that the amendment of the appeals statute was intended to allow appeals from interlocutory judgments in partition which determined title or quantum of interest in the property being divided.

In *Brouk v. Nahlik*, 216 S.W.2d 550 (Mo. App.1948), the court found that even where the parties had stipulated to their interests in the property to be sold, their *rights* in the proceeds of the sale were not and could not be determined until the sale was made and the costs properly chargeable against the proceeds were allowed. *Id.* at 551. The court relied on *Young, supra*, in holding that an interlocutory appeal was premature which did not seek a "greater or less" interest in the subject property but instead claimed error in the trial court's provision allowing attorney's fees to be taxed against the sale proceeds. *Id.* The court stated that such matters as attorney's fees were to be taken up after a final judgment. *Id. Brouk* has been interpret-

ed by a law review writer to mean that "where a party seeking to appeal from an interlocutory decree in partition ordering the sale of realty admit[s] that he [is] not claiming a greater or lesser interest in property than was awarded him by decree, no right of appeal exist[s]." Wheaton, *The New General Code for Civil Procedure and Supreme Court Rules Interpreted,* 14 Mo.L.Rev. 418, 442 (1949). Again, "rights of the parties" as set forth in the appeal statute was interpreted to mean rights or quantum of ownership.

In *England v. Poehlman,* 359 Mo. 369, 221 S.W.2d 742 (1949), appellants complained of an interlocutory order for partial distribution of sale proceeds evolving from an action to partition certain lands. The court stated:

> In this case we are confronted at the outset with the question whether an appeal lies from an order of partial distribution. If an appeal does lie then such an order must be either the type of interlocutory order which has been made appealable expressly by statute, or it must be a final judgment.
>
> An order by which only part of the proceeds is distributed is an interlocutory order, but we hold it is not the kind of interlocutory order from which an appeal will lie. Section 126 of the new Civil Code carries over the same provision from the old code that an appeal will lie "from any interlocutory judgments in actions of partition which determine the rights of the parties." § 847.126, Mo.R.S.A. An order of distribution, partial or final, does not of itself determine any such rights; such rights are declared in the judgment of partition entered before the sale is had and necessarily before the proceeds are even realized. The prior determination of the rights of the parties is a necessary precedent to an order of distribution.

359 Mo. at 371, 221 S.W.2d at 743. The court dismissed the appeal.

The parties in the instant case have cited several decisions in which the propriety of partition by sale rather than in kind is discussed. In two of the cases, *Laird v. Lust,* 98 S.W.2d 768 (Mo.1936), and *Rector v. Missouri Department of Natural Resources,* 685 S.W.2d 225 (Mo.App.1984), the primary and determinative issue on appeal was the title to the land. The discussion of the propriety of sale was incidental to the main issue.

*Gebauer v. Gebauer,* 165 S.W.2d 333 (Mo.App.1942), and *Leland Stanford Junior University v. Treat,* 170 S.W.2d 115 (Mo.App.1943), both involve appeals from interlocutory judgments. In both cases the appellants claimed trial court error in partitioning the land by sale rather than in kind. In both cases the appeals were taken and decided. Neither case discussed or suggested the issue of appealability. In *Woods v. Woods,* 237 Mo.App. 1088, 170 S.W.2d 430 (1943), the main issue on appeal from a partition action related to the suit being brought by minors. The court also discussed the trial court's order of partition by sale because the appellant claimed that the trial court improperly received opinion evidence on the susceptibility of the land to a division in kind. 237 Mo.App. at 1092, 170 S.W.2d at 432. The issue of appealability of the order of sale was never mentioned.

Notwithstanding *Woods, Gebauer* and *Leland Stanford, supra,* the supreme court cases discussed *supra* dictate that the appeal at bar be dismissed. There is no issue regarding the rights of the parties in the property on this appeal. Thus, an interlocutory appeal of the order is improper. This disposition does not leave Eucalyptus without remedy. Although her point of error does not fit within the statutory exception allowing interlocutory appeals, review is available to her upon an entry of a final judgment in the case. The final judgment in a partition suit where a sale of the land is ordered is the order approving the sale and providing for the distribution of the sale proceeds. *England,* 359 Mo. at 371, 221 S.W.2d at 744; *Biedenstein v. Feltz,* 156 S.W.2d 29, 31 (Mo.App.1941).

The appeal is dismissed as premature.

All concur.