Miriam ALBRIGHT, Fred Albright, John Williams, Kay Williams, Judith Handy, Larry Handy, David Williams, Jean Williams, Dale Williams, Jerry Williams, Jo Lynn Williams, Betty Robert, Dick Robert, Hazel Griffin, Jack Griffin, Otis McCoy, Gloria McCoy, Wilma Brazeal and Donald Brazeal, Plaintiffs–Respondents,

v.

Thelma A. KELLEY, Defendant–Appellant,

and

Dorothy McMackin, Robert McMackin, Ina Mae Brooks, Charles Brooks, Francis Southern, William Kelley and Truid Kelley, Defendants.

No. 20199.

Missouri Court of Appeals, Southern District, Division One.

June 28, 1996.

Ronald D. White, Joseph W. Rigler, Williams, Robinson, Turley, White and Rigler, P.C., Rolla, for defendant–appellant.

George D. Nichols, Nichols and Nichols, Lamar, for plaintiffs–respondents.

PER CURIAM.

The trial court held that there was no valid marriage between Defendant–Appellant Thelma A. Kelley (Thelma)[1] and the late Leonard Kelley. It also held that conveyances of real estate to them as husband and wife resulted in their owning it as tenants in common. Thelma appeals. We dismiss the appeal because of our determination that there is no final, appealable judgment.

Respondents (Plaintiffs) alleged that they and the defendants (other than Thelma) were either the heirs at law of Leonard Kelley, or the spouses of such heirs. Their first amended petition was in three counts, to wit: (1) in Count I they alleged that Thelma fraudulently obtained an Order Refusing Letters To Spouse And Delivery Of Exempt Property by falsely representing to the court that she was Leonard's surviving spouse; (2) in Count II Plaintiffs sought partition against Thelma and the other defendants, alleging that they and the defendants, other than Thelma, owned a one-half interest in certain real estate, and that Thelma owned the other one-half interest; and (3) Count III also sought partition but was against the defendants, other than Thelma, and was based on Plaintiffs' claim that they and those defendants were the owners of other real estate as the heirs of Leonard.

In her "Answer, First Amended Counter/Cross Petitions And Affirmative Defenses," Thelma, in addition to responding to the allegations of the First Amended Petition, alleged, in Count I, that she was the surviving spouse and sole heir of Leonard, and

---

1. For purposes of clarity, we refer to some of the parties by their first names. No disrespect is intended.

sought to quiet title in herself to the real estate described in Counts I and II of Plaintiffs' First Amended Petition as well as one of the tracts described in Count III. She alleged that some of the tracts had been conveyed to her and Leonard as husband and wife and others were owned by Leonard alone. In Count II, Thelma sought partition of the other tracts referred to in Count III of the First Amended Petition, claiming that she owned them with the other parties.

Apparently by agreement of the parties, the trial court was requested to determine only whether Thelma and Leonard were married and the type of tenancy resulting from conveyances to them as husband and wife. The trial court held as follows:

The court finds and holds that due to the want of a marriage license issued in Missouri for marriage ceremony performed in Missouri there was no valid marriage between Thelma Kelly [sic] and Leonard Kelly [sic][.]

The Court further finds that under the circumstances and facts of this case the taking of title to real estate as husband and wife did not create a Joint tenancy with right of survivorship and that any property so titled between Thelma and Leonard Kelly [sic] created a tenancy in common.

The Court orders that this Judgment is to be considered final for the purposes of appeal.

■ Initially, we must consider our jurisdiction. A prerequisite to appellate review is that there be a final judgment. *Comm. for Educ. Equality v. State,* 878 S.W.2d 446, 450 (Mo.banc 1994). We lack jurisdiction in the absence of a final judgment and must dismiss the appeal. *Id.* at 454.

■ The right of appeal is purely statutory. *Adams v. Adams,* 294 S.W.2d 18, 20 (Mo.1956). As it relates to this case,

§ 512.020, RSMo 1994, authorizes an appeal from a final judgment, or from interlocutory judgments in actions for partition "which determine the rights of the parties." *Bauman v. Monia,* 905 S.W.2d 127, 128 (Mo.App. E.D. 1995). A final, appealable judgment disposes of all parties and all issues in the case, leaving nothing for further determination. *Id.* The judgment in the instant case did not purport to do so and, therefore, is not a final judgment.

■ Rule 74.01(b), however, permits the trial court to enter judgment on a single claim when multiple claims are asserted in a single case and to certify its judgment as appealable "upon an express determination that there is no just reason for delay." A judgment, however, which resolves fewer than all legal issues as to any single claim is not a final judgment and may not be separately appealed even if the trial court makes the designation authorized by Rule 74.01(b). *Comm. for Educ. Equality v. State,* 878 S.W.2d at 450. Likewise, a judgment is not final and appealable under Rule 74.01(b) if it disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication. *Id.*

Without deciding whether the trial court's determination that the judgment is to be considered "final for the purposes of appeal" is sufficient under Rule 74.01(b),[2] the judgment does not dispose of all of the issues in any of the claims. In Count I of the First Amended Petition, there was no resolution of the issue of fraud; in Counts II and III there was no determination of the interests of the various parties in the real estate and no decision to order partition. In Thelma's First Amended Counter/Cross Petition, there was no resolution of the quiet title action alleged in Count I. Likewise, there was no determination of the interests of the parties in all of the real estate or a decision to

---

**2.** The Missouri Supreme Court, in *Stemley v. Downtown Medical Bldg., Inc.,* 762 S.W.2d 43, 46 (Mo.banc 1988), said that trial judges "are cautioned to not only determine the necessary facts but also to employ the express language of Rule 74.01(b)." *See also Davis v. Dolgencorp, Inc.,* 774 S.W.2d 565, 566–67 (Mo.App. E.D.1989), where the court, in referring to the determination that there is no just reason for delay, said

"[w]e have not hesitated to dismiss appeals despite a trial court's designation of finality which fails to reflect the necessary determination was made." In *Bi–State Dev. Agency v. Peckham, Guyton, Albers & Viets,* 747 S.W.2d 332, 334 (Mo.App. E.D.1988), the court held that an order designating that it was a final judgment for the purposes of appeal was not sufficient to make it an appealable order under Rule 74.01.

partition the property sought in Count II. Therefore, the judgment is not final and appealable within the framework of Rule 74.01.

Section 512.020, however, does specifically permit any party aggrieved to take an appeal "from any interlocutory judgments in actions of partition which determine the rights of the parties" as well as from any final judgment in the cause. An "interlocutory" judgment is defined as "not final" and in a legal sense is said to be something intervening between the commencement and the end of a suit which decides some point or matter, but which is not a final decision of the whole controversy. *Adams v. Adams,* 294 S.W.2d at 20. The judgment entered in the instant case qualifies as "interlocutory," but the question is whether it determines the rights of the parties.

In *First Nat'l Bank of Carrollton v. Eucalyptus,* 721 S.W.2d 165, 166–67 (Mo. App. W.D.1986), the court indicated that "rights of the parties" referred to in § 512.020 means "title or quantum of interest" in the property being partitioned. *See also Unsel v. Meier,* 880 S.W.2d 646, 648 (Mo.App. S.D.1994). Where there is no determination as to the ownership of each of the parties to a partition action, there has been no determination of the rights of the parties. *Adams v. Adams,* 294 S.W.2d at 21.

Plaintiffs' First Amended Petition contained two counts in partition. In Count II, the land sought to be partitioned consisted of three tracts (Tracts 1, 2, and 3), in which Plaintiffs alleged that they and the defendants, who were Leonard's heirs at law, owned an undivided one-half interest. They alleged that the other one-half interest was owned by Thelma. In Count III, Plaintiffs sought partition of Tracts 4, 5, 6, and 7, which they claimed were owned by them and the defendants (other than Thelma). In each count, they alleged that the spouses of each person claimed to be an heir at law of Leon-ard owned a marital interest in the property in question.

The only claim for partition in Thelma's First Amended Counter/Cross Petition was Count II, in which she alleged that she, along with the other parties to the suit, owned Tracts 5 and 6. She also alleged that the spouses of each of the other parties also owned a marital interest in the property.

In its judgment, the trial court determined only that Leonard and Thelma were not married and that property they acquired as husband and wife was held by them as tenants in common. It did not determine what interest the parties had in the property sought to be partitioned,[3] did not determine which property that was, and did not order the property partitioned. It did not, therefore, determine the "rights of the parties" as a part of an interlocutory judgment in an action for partition so that it was appealable on that basis pursuant to § 512.020.

We conclude, therefore, that the judgment of the trial court was neither a final appealable one, nor was it an interlocutory judgment in partition which determined the rights of the parties. Accordingly, we have no jurisdiction, except to dismiss this appeal.

Appeal dismissed.

---

3. We note that while there is a presumption that co-tenants own equal undivided interests, such presumption "may be rebutted by proof, e.g., that the co-tenants contributed unequal amounts toward the purchase of the property and there is neither a family relationship among the co-ten- ants nor any evidence of donative intent on the part of those who contributed more than their pro rata amounts towards the purchase price." *Montgomery v. Roberts,* 714 S.W.2d 234, 236 (Mo.App. E.D.1986).