Donzil **HOUPT,** Eric Houpt, Dawn Houpt Jesberg and Darrin Houpt, Plaintiffs–Appellants,

v.

Donald **HOUPT,** Leo Houpt, William Houpt, Jr., Beverly Houpt Caywood Kilpatrick, and Ronald and JoNan Shaw, Defendants–Respondents.

No. 26497.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 26, 2005.

**94**

Sherrie L. Hansen, Anderson, MO, for appellants.

Robert W. Evenson, Pineville, MO, for respondents.

JEFFREY W. BATES, Chief Judge.

This appeal arises out of an action filed by plaintiffs Donzil Houpt, Eric Houpt, Dawn Houpt Jesberg and Darin Houpt (hereinafter referred to collectively as "Plaintiffs") in August 2003 to partition a 168–acre farm located in McDonald County, Missouri. For purposes of this appeal, the defendants in the partition action were Leo Houpt; Donald Houpt; William E. Houpt, Jr.; and Beverly Houpt Caywood (hereinafter referred to collectively as "Defendants").[1] The petition alleged, *inter alia,* that: (1) Plaintiffs collectively owned an undivided one-fifth interest in the farm; (2) Defendants collectively owned the remaining undivided four-fifths interest in the farm; and (3) Plaintiffs had expended considerable sums of money between 1991 and 2003 to repair and maintain the property. Plaintiffs sought partition and reimbursement for these expenditures. Defendants' amended answer admitted the ownership interests alleged by Plaintiffs were correct. The answer also asserted an affirmative defense based on § 516.120(1), which is the statute of limitations that applies to a contract action.[2] Defendants alleged that, to the extent Plaintiffs sought reimbursement for any expenses incurred more than five years prior to the filing of their lawsuit, their request for contribution was barred

by § 516.120(1). The trial court ultimately ruled that § 516.120(1) did apply to partially bar Plaintiffs' request for contribution. Based on that ruling, the court entered judgment against Defendants in the sum of $1,741.78.

Plaintiffs have appealed from the judgment. They argue the court's ruling was erroneous because the trial court should not have applied the statute of limitations governing a contract action to an equitable claim for reimbursement asserted in a partition action. Plaintiffs' appeal must be dismissed because no final, appealable judgment has been entered in the underlying partition action.

Prior to December 1980, William Houpt ("Husband") and Violet Houpt ("Wife") owned a 168–acre farm located in McDonald County, Missouri.[3] There were two houses and various outbuildings located on the property. Via a warranty deed recorded on December 8, 1980, Husband and Wife conveyed the farm to their seven children: Betty Houpt Hively; Wilbur Houpt; Leo Houpt; Donald Houpt; Donzil Houpt; William E. Houpt, Jr.; and Beverly Houpt Caywood. The seven children were made joint tenants with a right of survivorship; Husband and Wife retained a life estate in the property.

■ Wife died in October 1985, and Husband died in July 1994. At the time of Husband's death, title to the farm was held by Donald, Leo, Donzil, William and Beverly as joint tenants with a right of surviv-

---

1. The petition initially sought ejectment, rent and other damages from defendants Ronald and JoNan Shaw, who were only tenants on the farm. The Shaws were dismissed from the case after they voluntarily vacated the premises and the plaintiffs waived their claim for damages.

2. All references to statutes are to RSMo (2000) unless otherwise specified.

3. For purposes of convenience and clarity, we sometimes refer to various members of the Houpt family by their given names. No disrespect is intended.

orship.[4] In March 2000, Donzil conveyed his interest in the farm to himself and his three children—Eric, Dawn and Darin—as joint tenants with a right of survivorship.[5]

■ Donzil, Eric, Dawn and Darin filed this action to partition the farm on August 29, 2003. As noted above, the other co-owners of the farm at that time were Donald, Leo, William and Beverly. In January 2004, the trial court entered an interlocutory judgment of partition which determined that Plaintiffs, considered collectively, and Defendants, considered individually, each owned an undivided one-fifth interest in the real estate.[6] The court further determined the farm could not be partitioned in kind without great prejudice to the owners. The court dispensed with the appointment of commissioners and ordered that the farm be sold at public auction by the Sheriff of McDonald County, Missouri.

In March 2004, the farm was sold for $220,000. The purchasers were Donald, Leo, William, Beverly and their spouses. Each aforementioned defendant and spouse purchased an undivided one-quarter interest in the farm. After the sale, the Sheriff received $68,000 from the purchasers. This sum represented a sufficient amount of money to pay the costs and fees associated with the sale, the Plaintiffs' 20% interest in the property and any claim for contribution that might later be allowed by the court. Approximately one week after the sale, the trial court entered an order requiring the Sheriff to: (1) pay attorney's fees and costs of sale totaling $4,040; (2) execute and deliver a deed to the purchasers; and (3) deposit $63,960 into the registry of court so the remaining proceeds of the sale could be distributed at a later date.

The case was tried in May 2004. The only disputed issue at trial was whether Plaintiffs were entitled to contribution from Defendants and, if so, in what amount. Plaintiffs' evidence tended to prove that around Thanksgiving 1991, Donzil and his surviving siblings agreed that: (1) Donzil would take care of the farm; (2) he would be reimbursed for his expenditures if the farm ever sold; and (3) between 1991 and 2002, Donzil spent over $22,000 for repairs and maintenance on the property.[7] Defendants' evidence tended to

---

4. Wilbur had died in December 1985. Betty had died in June 1994.

5. This conveyance destroyed the joint tenancy existing between Donzil and his siblings. *See, e.g., McClendon v. Johnson,* 337 S.W.2d 77, 82 (Mo.1960); *Rotert v. Faulkner,* 660 S.W.2d 463, 469 (Mo.App.1983). Donzil and his children became owners of an undivided one-fifth interest in the farm as tenants in common with Donald, Leo, William and Beverly. *See Home Trust Mercantile Bank v. Staggs,* 714 S.W.2d 792, 794 (Mo.App.1986) (severance of the joint tenancy results in the surviving joint tenant and the new owner of the transferred interest holding the property as tenants-in-common). Donzil's siblings continued to own an undivided four-fifths interest in the farm as joints tenants with a right of survivorship because "[a] conveyance by a cotenant destroys the unity of title and converts the joint

tenancy into a tenancy in common insofar as the interest of the particular joint tenant is concerned." *Remax of Blue Springs v. Vajda & Co., Inc.,* 708 S.W.2d 804, 806 (Mo.App. 1986).

6. Voluntary or involuntary partition converts a joint tenancy into ownership in severalty. *Remax of Blue Springs,* 708 S.W.2d at 806.

7. When Plaintiffs sought to introduce evidence concerning the amount of expenses they incurred, Defendants objected on the ground that any such expenses incurred more than five years prior to the filing of the partition action were time-barred. Defendants argued that the claim for reimbursement was based upon an "implied contract" between Donzil and his siblings. The trial court allowed the testimony subject to the objection, which was taken under advisement.

prove that: (1) there was no agreement that Donzil was supposed to take care of the farm and be reimbursed for his expenses; (2) any such expenditures he made for property repairs or maintenance were entirely voluntary and were undertaken without the consent or participation of his surviving siblings; and (3) in any event, not all of the expenditures were necessary to repair and maintain the property. Nevertheless, Defendants agreed that Plaintiffs should be awarded the following amounts: (1) $1,179.50, which was 80% of the real estate taxes paid by Plaintiffs since 2000; and (2) 80% of the amount Plaintiffs had spent during the five years prior to the filing of their partition action.

At the conclusion of the trial, the court took the case under advisement. In July 2004, the court filed a document which it denominated a "Judgment." The court decided that: (1) Plaintiffs had expended $2,177.23 for repairs and maintenance during the five-year period prior to the filing of their partition action; (2) § 516.120(1) barred Plaintiffs' request for reimbursement of any expenses incurred more than five years before their petition was filed; and (3) Plaintiffs were entitled to $1,741.78 (80% of $2,177.23) as reimbursement. The last sentence of the document stated that "judgment is entered for the Plaintiffs as against the Defendants for the sum of $1,741.78." [8] This appeal followed.

■ Although no party has raised the issue, we are duty-bound to address *sua sponte* whether we have jurisdiction over Plaintiffs' appeal. *Hahn v. Hahn*, 297 S.W.2d 559, 563 (Mo. banc 1957); *Taylor v. Cain & Vaughn Associates, Inc.*, 145 S.W.3d 899, 901 (Mo.App.2004); *City of Pagedale v. Murphy*, 142 S.W.3d 775, 777

(Mo.App.2004). "Appeals are creatures of statutes and without underlying statutory authority, no right to appeal exists." *Four Seasons Racquet and Country Club Property Owners Ass'n v. Abrams*, 858 S.W.2d 835, 836 (Mo.App.1993). The principal statute that creates the right of appeal in a civil action is § 512.020.[9] *In re Estate of Forhan*, 149 S.W.3d 537, 540 (Mo.App. 2004). It provides two possible bases for appellate jurisdiction, which we will examine in turn.

■ The first possible basis for appellate jurisdiction is found in § 512.020(4), which permits a party to appeal "[i]nterlocutory judgments in actions of partition which determine the rights of the parties . . . ." This statute has been interpreted to apply only to a determination of either a party's title to, or quantum of interest in, the property being partitioned. *See Davis v. Howe*, 144 S.W.3d 899, 902 (Mo.App. 2004). Quantum of interest refers to a party's direct percentage of ownership interest in the property. *See First Nat'l Bank of Carrollton v. Eucalyptus*, 721 S.W.2d 165, 166 (Mo.App.1986). Thus, § 512.020(4) only provides appellate jurisdiction to review an interlocutory judgment if the purpose of the appeal is to challenge the trial court's determination of a party's title to, or quantum of interest in, the property being partitioned. *Unsel v. Meier*, 880 S.W.2d 646, 648 (Mo.App.1994); *Biedenstein v. Feltz*, 156 S.W.2d 29, 31 (Mo.App.1941). Here, the trial court ruled in its interlocutory judgment of partition that the Plaintiffs, collectively, and the Defendants, individually, owned an undivided one-fifth interest in the real estate to be partitioned. On appeal, no party argues

---

**8.** We are unable to ascertain from the record whether this sum includes the $1,179.50 that Defendants admittedly owed Plaintiffs for past real estate taxes.

**9.** All references to § 512.020 are to RSMo Cum.Supp. (2004). The 2004 amendment to this statute made no substantive changes that have any bearing on this appeal.

that the trial court erred in determining their quanta of interest in the farm. Therefore, § 512.020(4) does not provide this Court with appellate jurisdiction. *Unsel*, 880 S.W.2d at 648; *Biedenstein*, 156 S.W.2d at 31.

The second possible basis for appellate jurisdiction is § 512.020(5), which permits a party to appeal from the "[f]inal judgment in the case...." A final judgment is one that disposes of all parties and issues in the case and leaves nothing for further determination. *Precision Investments, L.L.C. v. Cornerstone Propane, L.P.*, 119 S.W.3d 611, 614 (Mo.App.2003); *Sunbelt Environmental Services, Inc. v. Rieder's Jiffy Market, Inc.*, 106 S.W.3d 556, 557 (Mo.App.2003). In a partition action involving a sale of the property, a final judgment "can only mean an order of final distribution, an order which distributes all of the proceeds, because otherwise the order would not finally dispose of the case." *England v. Poehlman*, 359 Mo. 369, 221 S.W.2d 742, 744 (1949). An appeal from an interlocutory order of partial distribution is premature. *Id.* The trial court's "Judgment" is not final because it does not distribute the remaining $63,960 in sale proceeds being held in the registry of court. Accordingly, Plaintiffs' appeal must be dismissed for lack of appellate jurisdiction. *England*, 221 S.W.2d at 744; *Unsel*, 880 S.W.2d at 648; *First Nat'l Bank of Carrollton*, 721 S.W.2d at 167; *Biedenstein*, 156 S.W.2d at 32.

Although the above discussion resolves the issue of our jurisdiction, we would be remiss if we did not mention one further matter. A partition action is an *in rem* proceeding governed by Rule 96 and Chapter 528.[10] *Clark v. Dady*, 131 S.W.3d 382, 386 (Mo.App.2004). When the property is sold, "[t]he proceeds of the partition sale are to be used first to pay the costs and expenses of the proceedings, with the remainder to be distributed to the parties based on their respective ownership interests." *Id.; see* Rule 96.27; § 528.460. The trial court's judgment in this case purports to award Plaintiffs a money judgment directly against Defendants. As the Eastern District of this Court explained in *Hartog v. Siegler*, 615 S.W.2d 632 (Mo.App.1981), this is improper in an *in rem* proceeding:

> Partition is a proceeding in rem and not in personam. It is simply a suit to divide the property, or where a sale of same is deemed necessary, the proceeds of said sale among the co-tenants. The interests of the parties are thereby protected; no money judgment can be entered against any of the co-tenants.

*Id.* at 638 (citations omitted). We trust this error will be remedied when the trial court enters its final judgment distributing all of the proceeds of the partition sale.

Appeal dismissed.

SHRUM and BARNEY, JJ., concur.

---

10. All references to rules are to the Missouri Court Rules (2005).