Melinda POLK and Jennifer Essen, Respondents,

v.

Carl ESSEN, Appellant,

and

Charter Development Group I, L.C., Respondent.

No. ED 89949.

Missouri Court of Appeals, Eastern District, Division Four.

April 15, 2008.

Patrick J. McCarthy, St. Louis, MO, for respondent.

Eugene E. Coon, Christopher B. Hunter, St. Louis, MO, for respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

Carl Essen (hereinafter, "Carl") appeals from the trial court's judgment granting Melinda Polk (hereinafter, "Melinda") and Jennifer Essen's (hereinafter, "Jennifer")[1] petition for partition of land. Carl raises two points on appeal challenging the propriety of the partition sale alleging several statutory irregularities occurred. Melin-

---

1. We respectfully refer to the parties by their first names for sake of clarity since they are siblings.

da, Jennifer, and Charter Development Group I, LC (hereinafter, "Charter") filed motions to dismiss Carl's appeal, arguing in their brief that this appeal should be dismissed for lack of jurisdiction. We dismiss the appeal as premature.

The facts are undisputed. Carl, Melinda, and Jennifer are siblings who each hold an undivided one-third interest, as tenants in common, in property conveyed to them upon their father's death. On October 28, 2004, Melinda and Jennifer filed a petition for partition in St. Louis County. Subsequently, on May 27, 2005, Melinda and Jennifer entered into a contract to sell their two-thirds interest in the property to Charter. The contract with Charter contained an addendum which stated Melinda and Jennifer would assign their right, title, and interest in the partition action to Charter and closing would occur no later than seven days prior to the date of the partition sale as ordered by the trial court. Melinda and Jennifer voluntarily dismissed their partition action on September 21, 2005, but refiled the action the next day.

On June 16, 2006, the trial court entered its judgment finding the property could not be divided in kind, each sibling owned an undivided one-third interest in the property, and Melinda and Jennifer were entitled to partition their interest in the property by sale. Further, the trial court found "by stipulation and consent of the parties that the appointment of a Commissioner would be the most economically viable way to sell the property pursuant to the partition." The trial court appointed a commissioner, Robert E. Jones (hereinafter, "the Commissioner"), and ordered the land be sold. The trial court specifically stated it "reserve[d] jurisdiction of the division of the sale proceeds after payment of expenses of sale. The parties reserve all defenses and claims they may have to the division of the proceeds."

On October 6, 2006, the Commissioner filed a report and a contract for the sale of Carl's one-third interest in the property to Charter in the amount of $420,000. The Commissioner noted Melinda and Jennifer were also selling their interests to Charter per the previously executed sales contract. On October 17, 2006, the trial court entered a judgment confirming the Commissioner's report, ordering the proceeds from Carl's interest be placed into the trial court's registry, and directing Carl to deliver possession of the property.

On October 30, 2006, the Commissioner closed its sale of Carl's one-third interest in the property to Charter. After paying Carl's creditors who held judgment liens against his property interest, the balance of the sale proceeds were deposited into the trial court's registry. The same day, Melinda and Jennifer closed the sale of their two-thirds interest in the property per the previously executed sales contract with Charter. As a result, Charter held all right, title, and interest to the property. Further, pursuant to the addendum and an earlier trial court order, Charter would be substituted as a party plaintiff for Melinda and Jennifer in the underlying partition action.

Carl sought and received a continuance from the hearing that was to disburse the proceeds of the sale. The trial court stated all monies paid into the court would not be distributed until Carl vacated the property and the hearing was held. During this time, Carl and Charter both filed motions to amend the trial court's October 17th judgment. On November 27, 2006, the trial court amended its October 17th judgment stating that pursuant to Rule 74.01(b), "there is no just reason for delay, and [the judgment] is, therefore, final for purposes of appeal." Carl filed a notice of appeal with this Court on December 7, 2006; however, that appeal was dismissed

for failure to file Rule 300 supplements. Carl also requested and received a portion of the proceeds in the amount of $112,321.79, from the trial court's registry on December 4, 2006. A balance of $100,000 remains in the trial court's registry.

On May 21, 2007, the trial court entered a judgment finding Carl in contempt because he stayed on the property in violation of its order and requiring Charter to forcibly remove Carl and his personal property from the premises. The trial court stated the contempt could be purged upon payment of $2,500. Carl filed a notice of appeal on June 29, 2007, which appears to appeal from the November 27, 2006 judgment in that it does not state the contempt judgment as an issue to be addressed.

Melinda, Jennifer, and Charter filed a motion to dismiss Carl's appeal with this Court on July 12, 2007. This Court's honorable chief judge, in her order dated August 28, 2007, framed and analyzed the issues as follows:

> [Melinda, Jennifer, and Charter] assert that [Carl's] appeal should be dismissed for two reasons. First, he cannot appeal from the contempt judgment, because no effort has been made to enforce that judgment, and thus, it is not final and appealable. Second, they assert that any appeal from the November 27, 2006 judgment is untimely. In response, [Carl] fails to address the first issue and seems to concede that the contempt judgment is not appealable. However, he asserts that the October 17, 2006 and November 27, 2006 judgments are not final, because there has been no final distribution of all [of] the proceeds. In essence, he asserts the [trial] court has never entered an order dividing any of the proceeds to [Melinda and Jennifer]. (It appears they have independently sold

their 2/3 interest to Charter.) Because the [c]ourt has not entered an order of final distribution, his appeal is actually premature. He further asserts that the [Rule] 74.01(b) certification is improper and does not affect the issue of finality. Clearly, the contempt judgment of May 21, 2007 is not appealable. Generally, a civil contempt order is not final until it is enforced. *Marriage of Crow and Gilmore*, 103 S.W.3d 778, 781 (Mo. banc 2003). Here, there is nothing to indicate the order has been enforced and thus, it is not final. [Carl] may not raise any issues concerning the contempt order in his appeal.

> The question of whether there is a final, appealable judgment in the underlying partition action or whether the notice of appeal is timely is taken with the case. Accordingly, the motion to dismiss is taken with the case. The parties may address the issue further in the jurisdictional portion of their briefs.

On December 21, 2007, Charter filed a motion to dismiss Melinda and Jennifer as parties to the appeal in light of the addendum to the sales contract and the trial court's order that Charter would be substituted as the party plaintiff upon the conveyance of the property. This motion was also taken with the case.

Both parties agree this Court cannot review the merits of the underlying partition action. In Charter's motion to dismiss the appeal and in its brief, Charter argues, *inter alia*, the Rule 74.01(b) certification rendered the November 27, 2006 judgment final for purposes of appeal. However, since Carl filed a notice of appeal with respect to that judgment which was ultimately dismissed, Charter argues the second notice of appeal filed on June 29, 2007, purportedly seeking to appeal from that prior judgment, is now time barred.

Carl disagrees, responding that the trial court has entered several interlocutory rulings, none of which constitute a final judgment. While Carl recognizes the trial court certified the November 27, 2006 judgment final for purposes of appeal pursuant to Rule 74.01(b), Carl believes certification was improper. Carl states he filed the December 7, 2006 notice of appeal in an abundance of caution, believing the notice was premature, yet would be considered filed immediately when the judgment did in fact become final. Finally, Carl argues the trial court cannot render a final judgment because it cannot divide and distribute the proceeds among all of the parties and enter a final order of distribution, which he believes is crucial to obtaining a final judgment in this case. Therefore, Carl requests we deny Charter's motion, find the notices of appeal were filed prematurely, and remand the case for further proceedings so that the trial court can enter a final judgment.

Rule 81.01 states the right of appeal shall be as provided by law. The right of appeal is purely statutory. *Albright v. Kelley*, 926 S.W.2d 207, 209 (Mo. App. S.D.1996). Without statutory authority, no right to appeal exists. *Houpt v. Houpt*, 174 S.W.3d 92, 96 (Mo.App. S.D. 2005). Section 512.020 RSMo (2000)[2] provides two possible bases for this Court to exercise appellate jurisdiction in a partition case. Id.

First, Section 512.020(4) specifically permits an aggrieved party to appeal from "[i]nterlocutory judgments in actions of partition which determine the rights of the parties." This section has been interpreted to apply only when the interlocutory judgment "determined title or quantum of interest in the subject real estate." *Davis v. Howe*, 144 S.W.3d 899, 902 (Mo.App. E.D.2004)(*quoting Unsel v. Meier*, 880

S.W.2d 646, 648 (Mo.App. S.D.1994)). Carl concedes there is no dispute with respect to the rights of the parties and their respective interests in the property. When there is no issue raised on appeal concerning the rights of the parties, such as title being disputed, then an interlocutory appeal of that order is not authorized pursuant to this section. *See Unsel*, 880 S.W.2d at 647–48; *First Nat'l Bank of Carrollton v. Eucalyptus*, 721 S.W.2d 165, 167 (Mo.App. W.D.1986). Therefore, the judgment entered on November 27, 2006 could not be appealed pursuant to Section 512.020(4).

Second, we turn to Section 512.020(5) which permits an aggrieved party to appeal from a final judgment in the case. This Court has jurisdiction over final judgments that dispose of all issues and parties and leave nothing for future determination. *Delaney v. Gleed*, 169 S.W.3d 84, 85 (Mo.App. S.D.2005). In a partition action, the judgment is not considered final until there is a final distribution of the property and an order which distributes all of the proceeds of the sale. *Houpt*, 174 S.W.3d at 97; *Davis*, 144 S.W.3d at 902; *Eucalyptus*, 721 S.W.2d at 167; *England v. Poehlman*, 359 Mo. 369, 221 S.W.2d 742, 744 (1949); *Biedenstein v. Feltz*, 156 S.W.2d 29, 31 (Mo.App.St. L.Dist.1941). Thus, an appeal from an interlocutory judgment which has not distributed the proceeds of the sale is premature.

Rule 74.01(b), however, provides an exception to the finality rule, permitting a trial court to enter judgment on a single claim when multiple claims are asserted in a single case and certify its judgment as appealable upon an express determination there is "no just reason for delay." *Davis*, 144 S.W.3d at 902; *Albright*, 926 S.W.2d at 209. The purpose of this rule is "to avoid

---

**2.** All statutory references are to RSMo (2000)   unless otherwise indicated.

redundant review of multiple appeals based on the same underlying facts and similar legal issues." *Masonic Temple Ass'n v. Compass Square and Star, Inc.,* 229 S.W.3d 134, 137 (Mo.App. E.D.2007)(*quoting Committee for Educational Equality v. State,* 878 S.W.2d 446, 451 (Mo. banc 1994)).

 A trial court's certification for appeal pursuant to Rule 74.01(b) is not conclusive. *Masonic Temple, supra.* "It is the content, substance, and effect of the order that determines finality and appealability." *Id., (quoting Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997)). A judgment which resolves fewer than all legal issues as to any single claim is not a final judgment and may not be appealed even if certified by the trial court pursuant to Rule 74.01(b). *Albright,* 926 S.W.2d at 209.

The trial court's October 17th judgment confirmed the Commissioner's report, ordered the proceeds from Carl's interest be placed into the court's registry, and directed Carl to deliver possession of the property. After motions to amend were filed, the trial court amended its judgment stating that pursuant to Rule 74.01(b), "there is no just reason for delay, and [the judgment] is, therefore, final for purposes of appeal." However, there has been no final distribution of the property and no order distributing the remaining $100,000 of the proceeds of the sale. Therefore, since the parties retained their defenses and claims as to the division of the sales proceeds, and until such time as the remaining $100,000 on registry is distributed, this judgment has not resolved a single issue.[3] Accordingly, the trial court's certification of the judgment as final for purposes of appeal was improper.

Therefore, based on the foregoing, we hold there is no final, appealable judgment with respect to the underlying partition action. Charter's motion to dismiss the appeal is denied. Further, we decline to rule on Charter's motion to dismiss Melinda and Jennifer from this litigation in that there is no final, appealable judgment.

The appeal is dismissed as premature.

MARY K. HOFF, P.J., and SHERRI B. SULLIVAN, J., concur.

---

3. Melinda and Jennifer raise the argument that by withdrawing a portion of the proceeds from the trial court's registry Carl acquiesced by accepting the benefits of the judgment, thus, barring him from challenging the underlying partition order. We recognize the general rule that when "a party to an action accepts the benefits of a judgment in his [or her] favor or acquiesces in a judgment against him [or her] he [or she] thereby waives [the] right to have said judgment reviewed on appeal." *Braveheart Real Estate Co. v. Peters,* 157 S.W.3d 231, 234 (Mo.App. E.D.2004). However, several exceptions to this rule exist in the domestic relations jurisprudence. *See Selby v. Selby,* 149 S.W.3d 472 (Mo.App. W.D. 2004). Here, we note Carl's withdrawal of funds was predicated upon Melinda and Jennifer's consent to such withdrawal and did not constitute a total distribution of funds. Accordingly, we cannot find any case that clearly demonstrates Carl's receipt of a portion of the proceeds affects his ability to challenge this partition order.