Nancy **PACHMAYR**, Plaintiff–Respondent,

v.

William **HARPER**, Defendant–Appellant.

No. SD 31753.

Missouri Court of Appeals, Southern District, Division One.

Jan. 9, 2013.

Dan K. Purdy, Osceola, for appellant.

Richard T. Nichols, Clinton, for respondent.

NANCY STEFFEN RAHMEYER, J.

Defendant, William Harper, appeals from a December 5, 2011 docket entry that directed counsel for Plaintiff, Nancy Pachmayr, "to provide proposed Judgment Re: Partition Sale." We dismiss the appeal because the docket entry is not an appealable judgment, and, as a result, we do not have appellate jurisdiction.

Pachmayr and Harper were not married, but were romantically involved and, in June 2008, purchased real property together as joint tenants with rights of survivorship. Pachmayr subsequently terminated the relationship and left the jointly-owned real property in February 2009. Shortly afterwards, Pachmayr transferred her interest in the real property to Harper by a quit claim deed in March 2009.

Pachmayr then filed a lawsuit against Harper in July 2009. The petition was in five counts. Count I requested that the quit claim deed be set aside. Count II requested that the real property in question be partitioned between Pachmayr and Harper. Count III requested relief based on unjust enrichment. Count IV requested that a constructive trust be imposed on the real property. Count V requested relief based on Harper's alleged conversion of Pachmayr's personal property.

Following a bench trial in May 2010, the trial court entered a partial judgment on October 7, 2010, that set aside the quit claim deed as requested in Count I and granted relief for Harper's conversion of Pachmayr's personal property as alleged in Count V. The partial judgment denied the relief requested in Counts III and IV, and did not rule on Pachmayr's request for partition in Count II.

Following hearings on July 5 and December 5, 2011, at which Pachmayr, Harper and their attorneys were present, the trial court made the following docket entry on December 5, 2011: "Court enters formal Docket Entry. Plaintiff appears in person and by attorney Richard Nichols; Defendant appears in person and by Attor-

ney Dan Purdy. Plaintiff's counsel to provide proposed Judgment Re: Partition Sale. Copy of Entry to Attorney on this date." The docket entry is not signed by the trial court judge, and no judgment was ever entered.

Harper then appealed from the December 5, 2011 docket entry.

On November 8, 2012, we directed Harper to show cause why the appeal should not be dismissed because of the lack of an appealable judgment. Harper responded to our order on December 9, 2012, standing by the previous docket entry.

■ We dismiss the appeal for the following reasons. Even if, as in this appeal, the issue is not raised by the parties, we have a duty to determine whether we have jurisdiction to address the merits of the appeal. *Almond v. Almond (In the Estate of Ginn)*, 323 S.W.3d 860, 862 (Mo.App. W.D.2010); *Felderman v. Zweifel*, 346 S.W.3d 386, 388 n. 2 (Mo.App. W.D.2011). If we do not have jurisdiction, we must dismiss the appeal. *Almond*, 323 S.W.3d at 864; *Albright v. Kelley*, 926 S.W.2d 207, 209 (Mo.App. S.D.1996). We do not have appellate jurisdiction in the absence of an appealable judgment. *Jones v. State*, 307 S.W.3d 699, 700 (Mo.App. W.D.2010); *Albright*, 926 S.W.2d at 209.

■ The right of appeal is purely statutory, and no right of appeal exists without statutory authority. *Polk v. Essen*, 249 S.W.3d 914, 918 (Mo.App. E.D.2008); Rule 81.01 ("The right of appeal shall be as provided by law.").[1] The only two possible sources of statutory authority for a right of appeal in this case are "[i]nterlocutory judgments in actions of partition which determine the rights of the parties" under section 512.020(4), and a "[f]inal judgment" under section 512.020(5).

■ An interlocutory judgment is "something intervening between the commencement and the end of a suit which decides some point or matter, but which is not a final decision of the whole controversy." *Albright*, 926 S.W.2d at 210. An interlocutory judgment determines "the rights of the parties" under section 512.020(4) when it determines the parties' "title or quantum of interest in the property being partitioned." *Id.; Felderman*, 346 S.W.3d at 388 n. 2; *Polk*, 249 S.W.3d at 918.

■■ A final judgment under section 512.020(5) "dispose[s] of all issues and parties and leave[s] nothing for future determination." *Polk*, 249 S.W.3d at 918. A judgment in a partition action is not final "until there is a final distribution of the property and an order which distributes all of the proceeds of the sale." *Id.*

In addition, Rule 74.01(a) provides in part that "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed."

■ In this appeal, the December 5, 2011 docket entry clearly was not a judgment—interlocutory, final, or otherwise. The docket entry was neither signed by a judge nor denominated a judgment or decree as required by Rule 74.01(a), and by its terms did not purport to resolve any point, matter, or issue but rather simply directed Pachmayr's counsel to provide a "proposed Judgment." We further note that factual disputes remain with respect to Pachmayr's and Harper's ownership interests in the real property subject to partition. Pachmayr alleged in her petition that she made significantly greater contributions to the purchase of the property than Harper, and presented evidence to

---

1. All references to rules are to Missouri Court Rules (2012), and all references to statutes are to RSMo Cum.Supp.2004, unless otherwise indicated.

support her allegations at trial. Harper denied those allegations in his answer and at trial. If believed and not otherwise explained, the evidence of Pachmayr's greater contributions to the purchase of the property would be relevant to rebut the presumption that co-tenants hold equal ownership interests. *Felderman,* 346 S.W.3d at 388–90; *see also Davis v. Howe,* 144 S.W.3d 899, 902 (Mo.App. E.D.2004) (no appealable, interlocutory judgment in partition where, among other things, the trial court's collective orders failed to determine one party's interest in the property subject to partition).

We do not have jurisdiction to address the merits of Harper's appeal from the December 5, 2011 docket entry because the docket entry is not an appealable judgment. The appeal is dismissed.

GARY W. LYNCH, P.J., and WILLIAM W. FRANCIS, JR., J., Concur.