**Ida Mae PAULUS (Lipe),**
**Plaintiff-Respondent,**

v.

**Richard LIPE, Defendant-Appellant.**

No. 49001.

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 1985.

Craig R. Bramman, Clayton, for defendant-appellant.

Joseph Webb, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

Former husband appeals the following decree:

### INTERLOCUTORY DECREE IN PARTITION

The court has jurisdiction over the subject matter and the parties. It is further found that plaintiff and defendant are tenants in common of the following described real estate:

The South 50 feet of Lot 22 of IVE-LAND, according to the plat thereof recorded in Plat Book 21, Page 21 of the St. Louis County Records. Together with all improvements thereon known and numbered as 1721 Dyer Avenue, St. Louis County, Missouri.

406

That there are no other persons holding or claiming any interest in said property; that the rights of the parties are clearly set forth and that the real estate is of such a nature that partition in kind cannot be made without great prejudice to the parties in interest;

That respondent has made payments on the deed of trust since 1966, and *is entitled to credit therefore; that plaintiff is entitled to a portion of the reasonable use and enjoyment of said property by defendant.*

*WHEREFORE* it is ORDERED, ADJUDGED AND DECREED that said real property be sold to the highest bidder for cash at a public sale, and the court appoints Justin Weil, Vincent M. Flynn and Martha C. Brown of the County of St. Louis, State of Missouri, as commissioners to make such sale and to make reports of the sale of said property to the court and hold the proceeds of said sale pending further order and decree distributing said proceeds and that all costs be taxed against the proceeds of said sale, with credits to the parties as the court shall direct; that the commissioners have the title of said property examined and cost thereof to be taxed as costs. (emphasis ours)

The background facts are that the parties acquired the property as tenants by the entireties on October 19, 1960 and were subsequently divorced on September 8, 1966. No disposition was made of the property. However, wife denied but was found by the court to have signed a quit claim deed form which was undated, unacknowledged, and unrecorded. After the divorce husband occupied the home and made all payments including those on a refinancing secured by a second deed of trust. It is unclear on what terms he occupied the property in relation to plaintiff-former wife's rights.

■ Our first duty is to determine finality of judgment and resulting jurisdiction.

1. As to the rights of plaintiff-former wife, if any, See *Goforth v. Ellis*, 300 S.W.2d 379 at 383

*Grassmuck v. Autorama Auto Equipment*, 659 S.W.2d 264, 266 (Mo.App.1983). We find that the judgment of the trial court is not final for purposes of appeal.

■ Interlocutory orders in partition suits are appealable if they determine rights of parties. § 512.020 RSMo 1978; *First Presbyterian Church of Monett v. Feist*, 397 S.W.2d 728, 731 (Mo.App.1965). This decree, however, fails to determine the interests of the parties with sufficient particularity. There remains the requirement for further evidence and further orders as to the nature and extent of "credit" to which the court found defendant-former husband is entitled and the extent of any set-off to wife.[1]

The court's attention is directed to § 528.550 RSMo 1978 which authorizes the appointment of a special commissioner to make the sale because the court found that partition cannot be made without prejudice to the parties.

This appeal must be dismissed in order that the trial court may complete its interlocutory decree by determining with particularity the rights and interests of the parties in the property.

PUDLOWSKI, P.J., and GAERTNER, J., concur.