**Denise FELDERMAN (formerly Denise Zweifel), Respondent,**

v.

**Lee ZWEIFEL, Trustee of the "Lee Zweifel Revocable Trust" Dated July 7, 2008, Appellant.**

**No. WD 72687.**

Missouri Court of Appeals, Western District.

Aug. 9, 2011.

David B. Parman, Albany, MO, for Appellant.

Jerold L. Drake, Grant City, MO, for Respondent.

Before Division IV: LISA WHITE HARDWICK, Chief Judge, Presiding, MARK D. PFEIFFER, Judge, and ROBERT M. SCHIEBER, Special Judge.

MARK D. PFEIFFER, Judge.

Lee Zweifel appeals the Judgment of the Circuit Court of Gentry County, Missouri ("trial court"), on Denise Felderman's petition for partition of real property owned by the parties. We affirm.

## Factual and Procedural History[1]

Denise Felderman married Lee Zweifel in January 2002; they divorced in May 2004. In November 2006, Felderman came to Missouri at Zweifel's invitation. She and Zweifel cohabited in Zweifel's house, located on forty acres of real property (the "Property"). On March 5, 2007, Zweifel executed a Warranty Deed to the Property from himself, a single person, as grantor, to himself, a single person, and Denise Zweifel, a single person, as joint tenants with the right of survivorship. The deed was recorded on March 6, 2007, in Gentry County, Missouri. On June 10, 2009, Felderman filed a petition seeking partition of the Property. Zweifel filed a counter-petition, which is the subject of a separate appeal. On May 27, 2010, following a bench trial before the trial court, the trial court entered its judgment ("Judgment"). The trial court found that Zweifel had donative intent in conveying one-half interest in the Property to Felderman, ordered the Property sold, and ordered that each party was to receive fifty percent of the proceeds. Zweifel appeals.

## Standard of Review

"A partition action is a court tried action and is thus reviewed pursuant to *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)." *Hoit v. Rankin*, 320 S.W.3d 761, 765 (Mo.App. W.D.2010). " '[W]e will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.' " *Id.* (quoting *Clark v. Dady*, 131 S.W.3d 382, 386 (Mo.App. W.D. 2004)). "We defer to the trial court's findings of fact because of its superior ability to assess the credibility of witnesses." *Id.*

## Analysis[2]

In his sole point on appeal, Zweifel asserts that the trial court erred in finding

---

1. "We view the evidence and all reasonable inferences from the evidence in the light most favorable to the judgment." *Hoit v. Rankin*, 320 S.W.3d 761, 763 n. 3 (Mo.App. W.D. 2010).

2. Although neither party has raised the issue, we must address *sua sponte* whether we have jurisdiction over this appeal. *Houpt v. Houpt*, 174 S.W.3d 92, 96 (Mo.App. S.D.2005). The right of appeal in a civil action is governed by Section 512.020, RSMo Cum.Supp.2010. Although under Section 512.020(5), RSMo Cum.Supp.2010, a judgment in partition is not final "until there is a final distribution of the property and an order which distributes all of the proceeds of the sale," *Polk v. Essen*, 249 S.W.3d 914, 918 (Mo.App. E.D.2008), we find that this matter is ripe for appeal in that pursuant to Section 512.020(4), RSMo Cum. Supp.2010:

    Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any:

    . . . .

    (4) Interlocutory judgments in actions of partition which determine the rights of the parties[.]

    The "rights of the parties" are determined for the purposes of appeal when the "interlocutory judgment 'determined title or quantum of interest in the subject real estate.' " *Polk*, 249 S.W.3d at 918 (quoting *Unsel v. Meier*, 880 S.W.2d 646, 648 (Mo.App. S.D.1994)). "Quantum of interest refers to a party's direct percentage of ownership interest in the property." *Houpt*, 174 S.W.3d at 96. In this appeal, Zweifel challenges the trial court's finding that each party had a fifty percent ownership interest in the property.

that he had donative intent and that each party had a fifty percent ownership interest in the Property. Zweifel contends that he rebutted the presumption of equal ownership shares and that he should be declared the sole owner of the Property. We frame our two-part analysis as instructed in our recent decision of *Hoit v. Rankin,* 320 S.W.3d 761 (Mo.App. W.D.2010).

■ First, there is a presumption that co-tenants hold equal ownership shares in property in the face of an otherwise silent deed. *Id.* at 772. In this case, the parties held the Property as joint tenants with the right of survivorship, and the warranty deed was otherwise silent on the subject of ownership shares. Therefore, the presumption of equal ownership was afforded by the deed.

■ Second, the trial court considers relevant evidence to determine whether the presumption of equal ownership has been rebutted. *Id.* at 770. "Evidence relevant to rebut the presumption may include evidence that the co-tenants contributed unequally toward the purchase of the property." *Id.* at 772. Zweifel presented such rebuttal evidence when he testified at trial that he purchased the Property in 2005 with his own money and that Felderman didn't pay anything for it. He also testified that any property that he and Felderman were going to own together was to be "a 50/50 deal." He stated that

when he signed the warranty deed to himself and Felderman as joint tenants with the right of survivorship in March 2007, it was with the understanding that she was going to sell property she owned in New Mexico and pay for half of the Property's original purchase price. Ultimately, Felderman didn't pay him anything for the deed, and she had very little, if any, money invested in the Property.

■ However, "unequal contributions may be explained by evidence that the co-tenant contributing a greater amount toward purchase intended the disparity as an enforceable gift, a determination which may be influenced by evidence of the nature of the relationship [between] the co-tenants." *Id.* Evidence of a relationship between co-tenants suggestive of donative intent is relevant evidence that may be considered by a trial court as it determines whether the presumption of equal ownership has been rebutted. *Id.* at 770. When she came to Missouri at Zweifel's invitation, Felderman testified that they agreed that she was to stay at home and not work. She further testified that she and Zweifel had *discussed* getting remarried.[3] She stated, however, that the deed transferring the Property to the parties as joint tenants was *not* made in contemplation of marriage or of having a relationship. Instead, it was made because they had looked at

---

**3.** While it is undisputed that the parties had discussed getting remarried, it is also undisputed that they never took any steps to do so over the eighteen-month period that the parties cohabited at the Property together. Zweifel refers us to *Anderson v. Stacker,* 317 S.W.2d 417 (Mo.1958), a case in which the evidence was undisputed that the *only* reason that the parties were buying real property was in contemplation of marriage, and the parties had actually even attempted to purchase the property as "husband and wife" before a marriage that eventually never occurred. *Id.* at 420. Under those facts, the Court concluded the conveyance was a tenancy in common

and looked at the proportionate contribution of each of the parties to the acquisition of the property in determining the ownership interests of the parties in a partition action. *Id.* at 421. Zweifel encourages us to do the same thing. We decline to do so. Unlike *Anderson,* there is conflicting evidence in the record before us as to the contemplation of marriage between the parties and the relationship of such contemplation to the purchase of the Property. There is also other evidence suggestive of donative intent in the present case that was not present in the *Anderson* case. Thus, *Anderson* is inapposite to our ruling today.

the Property together in 2004 or 2005, and Zweifel had promised that he would convey equal ownership in the Property to her. She also testified that, prior to signing the deed, Zweifel said, "This is the right thing to do. I promised you this. This is the right thing to do." She and Zweifel lived together at the Property about eighteen months, until May 7, 2008.

We defer to the trial court's superior ability to assess factors such as credibility, sincerity, character of the witnesses, and other intangibles not revealed in the transcript. *Hale v. Hale*, 180 S.W.3d 85, 89 (Mo.App. E.D.2005). "The trial court may accept or reject all, part, or none of the witnesses' testimony." *Id.*

Accordingly, the trial court was not required to accept Zweifel's testimony that he purchased the Property and later transferred title to the Property to himself and Felderman based on his understanding that Felderman would pay him half the original purchase price when she sold property she owned in New Mexico. Likewise, the trial court was not required to accept Zweifel's testimony that the joint tenancy conveyance by Zweifel was intended as a conveyance in contemplation of marriage, particularly where the parties had previously been married and divorced prior to Zweifel conveying the Property as joint tenants with right of survivorship and the parties proceeded to live together at the Property as single persons for another year before Felderman's departure.

Sufficient evidence in the record supports the trial court's determination that, instead, Zweifel intended to gift one-half interest in the Property to Felderman. The evidence showed that Zweifel purchased the Property on October 21, 2005; he and Felderman lived together at the Property about eighteen months, from November 2006 until May 2008; and he deeded the Property to himself and Felderman on March 5, 2007. Felderman testified

that: when they had looked at the Property together in 2004 or 2005, Zweifel promised that he would convey equal ownership in the Property to her; Zweifel invited her to come to Missouri to live with him at the Property; prior to signing the deed transferring the Property to them jointly, Zweifel admitted he had promised her that he would do so; Zweifel conveyed the Property by warranty deed to himself and Felderman as joint tenants with the right of survivorship; and Zweifel and Felderman cohabited on the Property for eighteen months.

There was substantial evidence in the record to support the trial court's judgment finding donative intent on the part of Zweifel in his conveyance of a joint tenancy interest in the Property to Felderman.

Point denied.

### Conclusion

The trial court's Judgment is affirmed.

LISA WHITE HARDWICK, Chief Judge, and ROBERT M. SCHIEBER, Special Judge, concur.