David L. BIERSMITH, Appellant,

v.

CURRY ASSOCIATION MANAGEMENT, INC., Respondent.

No. WD 73231.

Missouri Court of Appeals, Western District.

Oct. 25, 2011.

David L. Biersmith, Appellant pro se.

Rodney J. Hoffman, Kansas City, MO, for respondent.

Before Division Two: MARK D. PFEIFFER, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

David Biersmith ("Biersmith") appeals from the trial court's judgment granting summary judgment in favor of Curry Association Management, Inc., ("Curry") on Biersmith's claim of negligent infliction of emotional distress. Biersmith acknowledges that the trial court entered judgment in accordance with Missouri law. However, Biersmith claims that Missouri law is contrary to an evolving trend in

other states which do not require documentation of emotional distress and that, as a result, Missouri law effectively forecloses relief to a significant class of individuals who suffer acute, yet fleeting, injuries in the nature of shock which can be difficult to document. We disagree and affirm and remand this case with instructions.

**Factual and Procedural History**

On April 19, 2007, Biersmith was allegedly stuck in an elevator ("the Incident") operated in the Santa Fe Place Condominiums located at 2525 Main, Kansas City, Missouri. On October 20, 2009, Biersmith filed a small claims petition against Curry [1] alleging that he has a claim against Curry arising out of the Incident in the amount of $3,000 [2] due to the "refusal of Board of Santa Fe Place, which is managed by Curry Associates to compensate [Biersmith] for losses incurred."

As a result of the Incident, Biersmith claimed psychological injuries consisting of "loss of sleep, nightmares." However, Biersmith did not seek or receive any medical treatment for his alleged psychological injuries. Biersmith did not miss any work as a result of his alleged psychological injuries.

On January 16, 2009, Biersmith filed a motion to transfer his small claims court action to the civil docket. On August 16, 2010, Curry filed a motion for summary judgment. Biersmith did not file any response to the motion for summary judgment. In granting Curry's motion for summary judgment, the trial court deemed Curry's uncontroverted material facts admitted pursuant to Rule 74.04(c)(2), and

---

1. The exact relationship of Curry to Santa Fe Place is unclear. In his petition, Biersmith alleges that Curry manages the board of Santa Fe Place, but that is explicitly denied by Curry in its Answer.

2. However, in response to interrogatories, Biersmith claimed total amount of damages of $5,000.

further ruled that Curry was entitled to judgment as a matter of law.

Biersmith appeals.

## Motion to Dismiss and Rule 84.04

Biersmith appeals pro se. His initial brief was stricken for failing to comply with the briefing requirements of Rule 84.04. Biersmith filed an amended brief. Curry then filed a motion to dismiss Biersmith's appeal alleging that: (1) the record on appeal fails to comply with Rule 81.12(a); (2) the statement of facts fails to comply with Rule 84.04(i); (3) the point relied on fails to comply with Rule 84.04(d)(5); (4) the standard of review fails to comply with Rule 84.04(e); and (5) the argument fails to comply with Rule 84.04(e). On July 5, 2011, this Court took Curry's motion with the case.[3]

██ " 'Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made.' " *Patrick v. Monte Owens Agency, Inc.*, 332 S.W.3d 917, 920 (Mo.App. W.D. 2011) (citation omitted). " 'Violations of Rule 84.04 are grounds for a court to dismiss an appeal.' " *Leonard v. Frisbie*, 310 S.W.3d 704, 706 (Mo.App. W.D.2010) (citation omitted).

Biersmith's brief fails to comply with Rule 84.04 in numerous respects. For ex-

ample, Biersmith's brief fails to comply with Rule 84.04(c) which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." " 'The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case.' " *City of Lee's Summit v. Cook*, 337 S.W.3d 757, 758 (Mo.App. W.D.2011) (citation omitted). The following is Biersmith's statement of facts in its entirety:

> On or about April 19, 2007, Appellant entered the elevator in his condominium on his way up to his unit. (LF–1). Appellant became trapped in the elevator and was not able to summon help for over 2 hours despite his calls to agents of Respondent Curry Association Management. As a result of Appellants extended sequestration in the confines of the elevator, Appellant suffered emotional distress in the nature of acute shock.

The statement of facts is also non-compliant with Rule 84.04(i) in that Biersmith failed to adequately cite to the record. *See Carlisle v. Rainbow Connection, Inc.* 300 S.W.3d 583 (Mo.App. E.D.2009).

██ Pro se claimants are held to the same standards as attorneys. *Kuenz v. Walker*, 244 S.W.3d 191, 193 (Mo.App. E.D.2007). " 'It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judi-

---

**3.** On its own motion, this Court ordered Biersmith to file a supplemental legal file by August 1, 2011, containing: (1) the defendant's answer; (2) the motion for summary judgment; (3) the memorandum in support of the motion for summary judgment; (4) the statement of uncontroverted facts; and (5) the opening interrogatories of defendant to plaintiff. These are the same documents that are the subject of Curry's contention that the record on appeal is non-compliant with Rule 81.12(a). Biersmith thereafter submitted a deficient supplemental legal file. On July 19, 2011, this Court sent Biersmith a letter informing him that the supplemental legal file could not be filed because it failed to contain the original circuit clerk seal and/or certification, an index/table of contents, or page numbers. Biersmith took no action to remediate the defective supplemental legal file. This Court sent Biersmith another letter on August 23, 2011, advising that if a compliant supplemental legal file was not filed by September 7, 2011, Biersmith's appeal would be dismissed. On September 7, 2011, Biersmith submitted a compliant supplemental legal file.

cial economy and fairness to all parties.'" *Id.* (citation omitted). We are prohibited from acting as Biersmith's advocate. *Rainey v. Express Medical Transporters, Inc.,* 254 S.W.3d 905, 908 (Mo.App. E.D.2008).

> Whether to dismiss an appeal for briefing deficiencies is discretionary. That discretion is generally not exercised unless the deficiency impedes disposition on the merits. It is always our preference to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief.

*Lanham v. Div. of Emp't Sec.,* 340 S.W.3d 324, 327 (Mo.App. W.D.2011) (citations and quotation marks omitted). Here, the deficiencies in Biersmith's brief, though numerous,[4] do not impede our ability to decide the legal issue presented, albeit awkwardly, by Biersmith's point relied on and sparse argument.[5]

### Standard of Review

"'When considering appeals from summary judgments, [we] will review the record in the light most favorable to the party against whom judgment was entered.'" *State ex rel. Ad Trend, Inc. v. City of Platte City,* 272 S.W.3d 201, 203 (Mo.App. W.D.2008) (quoting *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993)). "'Our review is essentially *de novo.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially.'" *Id.* (citation omitted). "Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

*Sauvain v. Acceptance Idem. Ins. Co.,* 339 S.W.3d 555, 568 (Mo.App. W.D.2011).

### Analysis

Biersmith concedes that, based on the current state of Missouri law, the trial court properly applied the law in granting summary judgment in favor of Curry on his claim for negligent infliction of emotional distress. In Missouri, "[w]here the plaintiff is a direct victim of the defendant's negligence and seeks damages for emotional distress, the plaintiff is required to prove two additional elements: (1) the defendant should have realized that his conduct involved an unreasonable risk of causing the distress and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant." *Jarrett v. Jones,* 258 S.W.3d 442, 448 (Mo. banc 2008). "'Under this approach, the plaintiff's threshold burden of proving legal damage would be satisfied upon demonstration of any medically provable mental distress or harm.'" *Bass v. Nooney Co.,* 646 S.W.2d 765, 773 n. 4 (Mo. banc 1983) (citation omitted). Then the trier of fact applies the severity standard to determine if compensation is warranted. *Id.*

Biersmith does not contest the trial court's determination that he failed to establish the presence of material facts in dispute with respect to these essential elements of a claim of negligent infliction of emotional distress. The trial court held:

> [Biersmith] has never sought or received any medical treatment for his claimed psychological injuries. He has no medical records, reports or other medical documentation of emotional or psychological injury. He missed no work as a

---

4. Other Rule 84.04 deficiencies in Biersmith's brief are discussed in the analysis portion of this opinion.

5. Curry's motion to dismiss is rendered denied by this opinion.

result of the injury claimed. He has retained no expert to testify in this case regarding his claimed psychological injury.... [Biersmith] has failed to produce any medical evidence sufficient to meet the required burden for a claim of emotional distress. He has made no showing in response to this motion that the alleged emotional or psychological injury was medically disagnosable of [sic] medically significant, as required by law.

In addition, Biersmith did not plead that Curry should have known its conduct would create an unreasonable risk of causing emotional distress.

Though he concedes that the trial court's judgment properly applied Missouri law, Biersmith nonetheless contends the judgment is in error because Missouri law should be changed, an argument Biersmith did not advance before the trial court. Specifically, Biersmith argues Missouri law is:

[In] direct conflict with decisions from other jurisdictions in the ever evolving subject area of emotional tort liability, decisions which have not required presentation of documentation of any physical injury as a prerequisite to recovery for negligent infliction of emotional distress, and have instead incorporated a principle of *per se* liability in the instance where the defendant could have reasonable [sic] foreseen the infliction due [sic] his negligence and the context in which it occurred.

Biersmith supports this sweeping proposition by bare citation to two cases from California decided in 1980 and one case from New York decided in 1958 with no discussion of the specific holdings in the cases, or of their application to the circumstances in his case. Rule 84.04(e) requires the argument portion of a brief to advise the appellate court how the facts of a case relied on for authority interact with the principle of law raised on appeal. *Porter v. Div. of Emp't Sec.*, 310 S.W.3d 295, 296 (Mo.App. E.D.2010).

Even if the three cases cited by Biersmith stand for the proposition asserted by Biersmith that a theory of *per se* liability can support a claim for negligent infliction of emotional distress even in the absence of evidence of medically diagnosable and significant psychological injuries, we fail to see how these decades old decisions constitute an "evolving trend" which would warrant disregard or revisiting of our Supreme Court's pronouncement in *Bass*.

■ Moreover, Biersmith's argument improperly suggests that Missouri continues to require proof of physical injury as a predicate to recovery for negligent infliction of emotional distress. "It is no longer necessary in Missouri that a plaintiff claiming negligent infliction of emotional distress prove a contemporaneous traumatic physical injury." *Ford v. Aldi*, 832 S.W.2d 1, 2 (Mo.App. W.D.1992) (citing *Bass*, 646 S.W.2d 765). The trial court did not render judgment against Biersmith because he failed to prove that he sustained a physical injury. The trial court granted Curry's motion for summary judgment because Biersmith failed to meet his burden of proving any psychological injuries that were medically diagnosable and medically significant as required by *Bass*.

Biersmith's point is denied.

■ Curry has requested an award of attorney's fees pursuant to Rule 84.19, arguing Biersmith's appeal is frivolous. Rule 84.19 provides that "[i]f an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." "While no hard and fast rule as to what constitutes a frivolous appeal has been advanced and the issue must be considered on a case-by-case basis, the test

generally used is whether the appeal presents any justiciable question and whether it is so readily recognizable as devoid of merit on the face of the record that there is little prospect of success." *Vanschoiack v. Adkins*, 854 S.W.2d 432, 435 (Mo.App. W.D.1993) (citing *Blackstock v. Farm & Home Sav. Ass'n*, 792 S.W.2d 9, 11 (Mo. App. W.D.1990), *cert. denied*, 498 U.S. 1034, 111 S.Ct. 697, 112 L.Ed.2d 687 (1991)). "The issues presented on appeal must be at least fairly debatable in order to avoid assessment of damages for frivolous appeals." *Id.* "Additionally, although an inadequate brief does not render an appeal frivolous, such a brief considered together with the record may reflect that no 'fairly debatable' issue exists to justify an appeal." *Id.* (citing *Jones v. Kansas City Area Transp. Auth.*, 769 S.W.2d 145, 147 (Mo.App. W.D.1989)).

This case is very similar to *Vanschoiack* where we found an appeal to be frivolous and assessed a sanction of $2,000. In *Vanschoiack*, we held the following factors were relevant to our conclusion: (1) the appellants took a position on appeal that was "totally contrary to their position at trial and is not an issue fairly debatable based upon the law and the record herein;" (2) the appellants' brief exhibited a lack of a "good faith effort to appeal the judgment of the trial court;" (3) the appellants' first brief was stricken for non-compliance with Rule 84.04 and their second brief remained materially non-compliant with Rule 84.04 although the court exercised its discretion to decide the case on the merits; (4) the cases appellants relied upon were merely referenced and no effort was made "to specify the legal principle in any of said cases upon which [appellants] rel[ied]" and the appellants did not "provide pinpoint citations referencing any page within a case." *Id.* at 435, 437. Each of these factors is present in the instant case. In addition, Biersmith has asserted, with no good faith basis to do so, that settled Missouri law on the subject of what must be proven to establish negligent infliction of emotional distress is contrary to an alleged but undemonstrated "evolving trend." Under the circumstances, we conclude that Biersmith's appeal is frivolous.

We are cognizant in so concluding that Biersmith is pursuing this appeal pro se. However, a simple search of Case.net reveals that Biersmith has been a pro se appellant before this Court approximately eighteen times. In nearly all of these cases, Biersmith's appeals have been dismissed for some reason related to his failure to comply with required court rules or procedures. "The purpose of Rule 84.19 is to prevent congestion of appellate dockets with unmeritorious cases and to compensate respondents for the time and cost of responding to a futile appeal." *Vanschoiack*, 854 S.W.2d at 435. That purpose is served by our conclusion that Biersmith's appeal is frivolous under Rule 84.19 notwithstanding Biersmith's status as a pro se appellant.

### Conclusion

We remand this case with instructions to the trial court to enter an additional judgment in favor of Curry in the amount determined by the trial court to be Curry's reasonable attorney's fees and costs incurred in responding to Biersmith's appeal. In all other respects, the judgment of the trial court is affirmed.

All concur.