Douglas E. MASKILL, Respondent,

v.

Kelly D. CUMMINS, Appellant.

No. WD 74774.

Missouri Court of Appeals,
Western District.

April 9, 2013.

Keith W. Hicklin, Platte City, for Respondent.

Kelly D. Cummins, Appellant Pro-se.

Before Division One: MARK D. PFEIFFER, Presiding Judge; VICTOR C. HOWARD, Judge and ALOK AHUJA, Judge.

VICTOR C. HOWARD, Judge.

Kelly Cummins appeals the judgment of the trial court on Douglas Maskill's petition for partition of real property owned by the parties. The judgment is affirmed. The appeal is dismissed in part.

## Factual and Procedural History

Kelly Cummins and Douglas Maskill began dating in 2000 and began cohabitating in 2001. In July 2002, Mr. Maskill purchased a home located at 8306 NW Forest Drive, Weatherby Lake, Platte County, Missouri (Property), and the parties lived there together. The parties got engaged in December 2002. Mr. Maskill refinanced the mortgage on the Property in 2003 with Wells Fargo Home Mortgage, Inc., which owns a security interest against the Property. After a brief break-up, the parties reunited, and in August 2004, Mr. Maskill executed a warranty deed conveying the Property to himself and Ms. Cummins as joint tenants with right of survivorship. Ms. Cummins also assumed liability on the mortgage.

In June 2010, Ms. Cummins borrowed $20,000 from Mr. Maskill. She signed a promissory note and security agreement for the loan. The parties ended their relationship in July 2010, and Ms. Cummins moved out of the home.

In September 2010, Mr. Maskill filed a petition seeking partition of the Property. He filed an amended and second amended

petition thereafter. Ms. Cummins filed a counter-claim for partition in February 2011 and also raised the affirmative defense of donative intent. Mr. Maskill filed a petition on the promissory note in March 2011. The trial court tried the two cases together.

The trial court entered its judgment in partition with sale provision. It found that Mr. Maskill did not have donative intent when he conveyed the Property to the parties as joint tenants with the right of survivorship or when he made payments for mortgage payments, taxes, insurance, maintenance, or improvements for the Property. It found that partition in kind of the Property cannot be made without great prejudice to the owners and ordered the Property sold according to law to the highest bidder for cash by a Special Commissioner appointed by the court. According to the judgment, the sale proceeds were to be disbursed in the following order: (1) cost of sale and Special Commissioner fees; (2) Mr. Maskill's attorney's fees in the amount of $1832; (3) indebtedness secured by the Deed of Trust held by Wells Fargo Home Mortgage, Inc.; and (4) any net proceeds remaining would be distributed to the parties in the following percentages—87% to Mr. Maskill and 13% to Ms. Cummins. The trial court also entered a separate judgment on the promissory note in favor of Mr. Maskill and against Ms. Cummins in the amount of $19,651.04, the principal balance of the note. Although not part of the record of this appeal, Mr. Maskill apparently sought to satisfy the judgment entered in his favor in the promissory note action by executing against Ms. Cummins' interest in the Property and acquired that interest at a sheriff's sale. This appeal by Ms. Cummins of the judgment in partition followed.

## Motion to Dismiss Appeal

Ms. Cummins appeals pro se. Her initial brief was stricken for failure to comply with the briefing requirements of Rule 84.04. Ms. Cummins then filed an amended brief. Mr. Maskill filed an amended motion to strike brief and dismiss appeal asserting that Ms. Cummins's amended brief again failed to comply with Rule 84.04. The motion was taken with the case.

■ "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Biersmith v. Curry Ass'n Mgmt., Inc.*, 359 S.W.3d 84, 87 (Mo.App. W.D.2011)(internal quotes and citation omitted). Violations of Rule 84.04 are grounds for dismissal of an appeal. *Id.*

■ Pro se appellants are held to the same standards as attorneys. *Id.* "It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Id.* at 87–88. An appellate court is prohibited from acting as a party's advocate. *Id.* at 88.

Ms. Cummins's amended brief fails to comply with Rule 84.04 in many aspects. First, it fails to comply with subsection (c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Biersmith*, 359 S.W.3d at 87 (internal quotes and citation omitted). Ms. Cummins's statement of facts is not a fair and concise statement of the facts. It is argumentative and replete with citation to authority. Ms. Cummins also fails to support most of her facts with specific page

references to the legal file as required by subsection (i).

Ms. Cummins's points relied on also do not conform to Rule 84.04. Rule 84.04(d)(1) directs that the points must "identify the trial court ruling or action that the appellant challenges; ... state concisely the legal reasons for the appellant's claim of reversible error; and ... explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." It sets out the specific format for a point relied on when the review is of a decision of a trial court. Rule 84.04(d)(1). Ms. Cummins's two points on appeal fail to follow the format set out in the rule. They are not "concise" nor do they provide legal support in a "summary fashion." Instead, both points relied on are over two pages long, set forth recitals of evidence, and are argumentative instead of setting forth legal reasons for claimed error.

■ "Whether to dismiss an appeal for briefing deficiencies is discretionary. That discretion is generally not exercised unless the deficiency impedes disposition on the merits." *Biersmith*, 359 S.W.3d at 88 (internal quotes and citation omitted). An appellate court prefers to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief. *Id.* Here, despite the substantial noncompliance with Rule 84.04, Ms. Cummins's claims are reviewed *ex gratia* in an effort to provide a determination on the merits to the extent this court has jurisdiction over the appeal, as discussed below. As such, Mr. Maskill's amended motion to strike brief and dismiss appeal is denied.[1]

## Jurisdiction

■ Although the parties have not raised the issue of jurisdiction, this court must address it *sua sponte*. *Felderman v. Zweifel*, 346 S.W.3d 386, 388 n. 2 (Mo.App. W.D.2011). "The right of appeal is purely statutory." *Polk v. Essen*, 249 S.W.3d 914, 918 (Mo.App. E.D.2008). Section 512.020, RSMo Cum.Supp.2011, governs the right of appeal in civil actions. It provides two possible bases for this court to exercise appellate jurisdiction in a partition case. *Polk*, 249 S.W.3d at 918.

First, section 512.020(4) permits an aggrieved party to appeal from "[i]nterlocutory judgments in actions of partition which determine the rights of the parties." This subsection applies when the interlocutory judgment "determined title or quan-

---

1. Mr. Maskill also filed a motion to dismiss appeal as moot, which was also taken with the case. He claims that as a result of the sheriff's sale in the promissory note case, Ms. Cummins has no interest in the Property that is subject to this partition action, therefore, this appeal is moot. Ms. Cummins filed a motion to set aside the sheriff's sale, however, and that motion has apparently not been the subject of a final disposition. Moreover, the record on appeal contains evidence, and in a letter to this court Mr. Maskill concedes, that Ms. Cummins is still liable for the Wells Fargo mortgage on the Property. Although it is unclear what was represented to the trial court on the subject, the record on appeal contains a letter from Wells Fargo to Mr. Maskill and Ms. Cummins dated November 2004 confirming the loan assumption by Ms. Cummins, a monthly mortgage statement from Wells Fargo dated June 2010 listing both Mr. Maskill's and Ms. Cummins's names, a customer account activity statement from Wells Fargo dated two weeks before trial that lists both parties' names, and a letter from Wells Fargo to Ms. Cummins dated July 2012 that indicates that she is responsible for the note as of that date. Regardless, the question of mootness may become an issue if further action is taken before the trial court to finalize the partition sale. The motion to dismiss appeal as moot is denied. If and when some action is taken to enforce and finalize the Court's partition order these issues can be litigated.

tum of interest in the subject real estate." *Polk,* 249 S.W.3d at 918 (internal quotes and citation omitted). "Quantum of interest refers to a party's direct percentage of ownership interest in the property." *Felderman,* 346 S.W.3d at 388 n. 2 (internal quotes and citation omitted). Ms. Cummins's first point on appeal challenges the trial court's percentage of ownership finding. Accordingly, section 512.020(4) provides this court with appellate jurisdiction over her first point.

Section 512.020(5) provides the second basis for appellate jurisdiction in a partition action. It permits an aggrieved party to appeal from a final judgment in the case. § 512.020(5). The appellate court has jurisdiction over final judgments that dispose of all issues and leave nothing for future determination. *Polk,* 249 S.W.3d at 918. "In a partition action, the judgment is not considered final until there is a final distribution of the property and an order which distributes all of the proceeds of the sale." *Id.* An appeal from an interlocutory judgment that has not distributed the proceeds of the sale is premature. *Id.* Ms. Cummins's second point is very convoluted and raises several issues. First, Ms. Cummins seems to challenge the trial court's failure to appoint three commissioners under Rule 96.12 and the failure of the appointed commission to conduct the sale in the partition action. These issues concerning the sale provisions of the trial court's interlocutory judgment were not a determination of the rights of the parties. Thus, appeal of those parts of the judgment is premature.

Ms. Cummins also challenges in her second point the validity of a sheriff's sale conducted pursuant to the judgment on the promissory note and its effect on this partition case. This court, however, will not address these arguments in this case. Rule 81.08(a) requires the notice of appeal to specify the judgment or order appealed from. *Schrader v. Quik-Trip Corp.,* 292 S.W.3d 453, 456 (Mo.App. E.D.2009). The appellate court is confined to review the decision identified in the notice of appeal. *State v. Trotter,* 302 S.W.3d 819, 821–22 (Mo.App. W.D.2010); *Schrader,* 292 S.W.3d at 456. The notice of appeal in this case refers only to the October 31, 2011 judgment in partition with sale provision. It does not identify the October 21, 2011 judgment on the promissory note or the May 7, 2012 order denying Ms. Cummins's motion to set aside the sheriff's sale.[2] Ms. Cummins's second point is dismissed.

## Donative Intent

In her first point on appeal, Ms. Cummins asserts that the trial court erred in awarding Mr. Maskill 87% of the remaining net proceeds from the sale of the house and the unequal portion of 13% to her. She claims that the trial court's finding that Mr. Maskill's conveyance of the property to himself and her as joint tenants with right of survivorship and his payments toward purchase, maintenance, and improvement of the property were not made with donative intent was against the weight of the evidence.

A partition is a court-tried action reviewed under the standard announced in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). *Felderman v. Zweifel,* 346 S.W.3d 386, 388 (Mo.App. W.D.2011).

---

2. Ms. Cummins actually appealed the May 7 order denying her motion to set aside the sheriff's sale in a separate appeal, however, the appeal was dismissed because the order was not denominated a judgment pursuant to Rule 74.01(a), and, therefore, was not final. It is unclear whether Ms. Cummins has attempted to have the judgment properly denominated so as to allow an appeal.

Thus, the judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* The appellate court accepts all evidence and inferences therefrom in the light most favorable to the prevailing party and disregards all contrary evidence. *MC Dev. Co., LLC v. Central R-3 School Dist. of St. Francois Co.*, 299 S.W.3d 600, 602 (Mo. banc 2009). Great deference is given to the trial court's resolution of conflicts in evidence and its credibility determinations. *Id.* An appellate court should exercise the power to set aside a judgment on the ground that it is against the weight of the evidence only with caution and with a firm belief that the judgment is wrong. *Id.*

It is presumed that co-tenants hold equal ownership shares in property in the face of an otherwise silent deed. *Felderman*, 346 S.W.3d at 389; *Hoit v. Rankin*, 320 S.W.3d 761, 772 (Mo.App. W.D. 2010). Such presumption, however, may be rebutted. *Id.* "Evidence relevant to rebut the presumption may include evidence that the co-tenants contributed unequally toward the purchase of the property." *Hoit*, 320 S.W.3d at 772. *See also Felderman*, 346 S.W.3d at 389. "However, unequal contributions may be explained by evidence that the co-tenant contributing a greater amount toward purchase intended the disparity as an enforceable gift, a determination which may be influenced by evidence of the nature of the relationship among the co-tenants." *Hoit*, 320 S.W.3d at 772. Therefore, "[e]vidence of relationship between co-tenants suggestive of donative intent is relevant evidence that may be considered by a trial court as it determines whether the presumption of equal ownership has been rebutted." *Felderman*, 346 S.W.3d at 389.

Here, the parties held the property as joint tenants with the right of survivorship, and the warranty deed was otherwise silent on ownership shares. The presumption of equal ownership was, therefore, afforded by the deed. Mr. Maskill, however, presented rebuttal evidence that the parties contributed unequally toward the purchase of the property. He testified that he alone purchased the Property in 2002 and refinanced it in 2003 with no financial assistance from Ms. Cummins. Mr. Maskill presented evidence that he provided approximately $18,000 when he purchased the house and another $44,000 when he refinanced it. Mr. Maskill testified that he conveyed the Property in 2004 to himself and Ms. Cummins as joint tenants with the right of survivorship because Ms. Cummins agreed to make half of the mortgage payments and for estate planning purposes so that in the event of his death, Ms. Cummins would receive the house. He presented evidence that from 2002 until the time of trial in 2011, he made mortgage payments, which included principal, interest, taxes, and insurance, of $194,655 and that Ms. Cummins paid approximately $26,500 in mortgage payments. Mr. Maskill also described numerous improvements he made to the Property, including expanding the driveway, adding a patio, and remodeling the deck and part of the interior of the house, totaling approximately $31,000.

Ms. Cummins denied that when Mr. Maskill conveyed the Property to himself and her as joint tenants with right of survivorship, the parties made an agreement that she would pay half of the mortgage payments. Rather, she testified that she intended to pay what she could and nothing was "set in stone" regarding what she would pay. Ms. Cummins testified that she and Mr. Maskill were a "partnership" or a "team" working together, each

doing what they could regarding the Property. She admitted that Mr. Maskill provided all of the down payment when he purchased the Property in 2002, provided all of the funds necessary when the Property was refinanced in 2003, made approximately $190,000 in mortgage payments, paid for all of the improvements of the Property, and provided the "lion's share" of living expenses including utilities and groceries. She testified that, in turn, she paid approximately $37,000 in mortgage payments. She also did all of the laundry, cooking, cleaning, shopping, entertaining, and some of the yard work. She said that Mr. Maskill knew she would not be able to pay half of the mortgage every month, would often tell her not to worry about paying the mortgage that month because of everything she did around the house, never asked her to catch up on the mortgage payments, and never tried to evict her because she was behind on mortgage payments.

 The appellate court defers to the trial court's superior ability to assess factors such as credibility, sincerity, character of the witnesses, and other intangibles not revealed in the transcript. *Id.* at 390. The trial court is free to accept or reject all, part, or none of the testimony of any witness. *Id.* Accordingly, the trial court was free to believe Mr. Maskill's testimony that he did not intend to give a one-half interest in the Property to Ms. Cummins. Ms. Cummins's arguments at trial and on appeal focus largely on her evidence of a relationship between her and Mr. Maskill. As noted above, while, a relationship among the cotenants may suggest donative intent, such relationship amounts to nothing more than relevant evidence that may be considered by the trial court in determining whether the presumption of equal ownership has been rebutted. *Hoit*, 320 S.W.3d at 770. The trial court specifically found that the parties were unrelated by blood or marriage. Even if it had found that a familial-type relationship existed between the parties, it was not bound to find donative intent. Mr. Maskill presented substantial evidence that the parties contributed unequally toward the purchase of the Property to rebut the presumption of equal ownership. The trial court's unequal award of the remaining net proceeds from the sale of the house was supported by substantial evidence and was not against the weight of the evidence. The point is denied.

### Conclusion

The trial court's judgment in partition with sale provision is affirmed on the first point. The second point is dismissed.

All concur.