

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

KATIE LYNN REAGAN,              )
                                 )    **WD85045**

          **Respondent,**       )

   **v.**                          )    **OPINION FILED:**

                                 )

**JERRY L. BRAMLETT, et al.,**   )    **December 20, 2022**

                               )

          **Appellants.**        )

**Appeal from the Circuit Court of Lafayette County, Missouri**
**Honorable Dennis Allen Rolf, Judge**

**Before Division Two: Lisa White Hardwick, Presiding Judge,**
**Thomas N. Chapman, Judge and Janet Sutton, Judge**

Jerry Bramlett (Bramlett) appeals from the Lafayette County Circuit Court's (trial court) interlocutory order of sale granting Katie Reagan's (Reagan) petition for partition of real estate. Bramlett raises three points on appeal: (1) the trial court erred in entering judgment that the land be sold because it failed to make a finding of interests between the parties as required by section 528.160,[1] (2) the trial court erred in entering judgment that Reagan owned an undivided property interest because substantial evidence was presented illustrating that Reagan did not contribute to the property's purchase price, in that the interest determination must look exclusively to the purchase price contribution, and (3) the trial court erred in entering judgment because there was

---

[1] Unless otherwise noted, all statutory citations refer to the Revised Statutes of Missouri 2016 and all rule citations refer to the 2019 Missouri Supreme Court Rules.

a lack of substantial evidence that Bramlett had donative intent giving Reagan an undivided property interest.

Bramlett asks that we remand for a "determination of interests owned in the [p]roperty."[2] We agree. We reverse and remand for the trial court to determine the percentage of ownership interests held by both Bramlett and Reagan before ordering the property's sale.

## Factual and Procedural Background

Over many years, Bramlett and Reagan had a long-standing relationship and lived in several homes during which their daughter was born in 1999 and their son was born in 2002. In 2008, Bramlett and Reagan purchased a house together in Lafayette County, Missouri, for $60,000. The couple purchased their new home, which lay on about four acres with a large shop building on the property, in a foreclosure sale. Though never married, their new home was deeded in both Bramlett and Reagan's names, along with a promissory note for $48,000. Bramlett, Reagan, and their two children moved into their new home that same year and lived at the property.

Both parties agree that Bramlett initially paid the house's earnest money deposit, but the parties dispute who paid portions of the $11,532.68 closing price. The parties also dispute whether Reagan contributed cash from her tax returns to support Bramlett's loan payments and property improvements. Together, both parties took out a loan for the remaining amount owed for the property and signed a deed of trust.

After their relationship deteriorated, Reagan moved out of the house at the end

---

[2] Bramlett additionally asks for alternative relief in that we reverse the order of sale and instead order the trial court to enter judgment in his favor, which we decline to do.

of either May 2015 or May 2016.[3]  Subsequently, Reagan filed a petition for partition of their shared property in August 2019, seeking division by sale, since the "interests of the parties [were] so diverse that the real estate c[ould] not be partitioned in kind . . . ."  Following discovery, the trial court held the partition trial in November 2021.

In December 2021, the trial court granted Reagan's petition for partition by sale and entered an order requiring the property's sale, stating, "Such real estate cannot be divided in kind and the shares and interests of the parties are so diverse that the real estate cannot be partitioned in kind without prejudice to both parties."  The trial court, however, failed to state the percentage of ownership interests between Bramlett and Reagan, instead finding, "Each party would own an undivided interest in and to the above referenced property."

Following this order of sale, Bramlett filed a notice of appeal.  The trial court granted an unopposed motion to stay the property's sale during the pendency of the appeal.

**Legal Analysis**

Bramlett brings three points on appeal.  First, Bramlett argues that the trial court erred in entering the order of sale requiring the land be sold because it failed "to make a finding of interests between the parties, in that a finding of interest between the parties is required by RSMo 528.160."  Second, Bramlett asserts the trial court improperly determined that the parties owned an "undivided interest" because Reagan "did not contribute to the purchase price of the property, in that the determination of

---

[3]  Reagan stated that she officially moved out of the home in May 2016, while Bramlett asserts Reagan moved out in May 2015.

3

interest must look exclusively to the contribution to the purchase price." Lastly, Bramlett argues that he lacked donative intent for an "undivided interest" and thus "in the absence of donative intent, there can be no finding of an interest in the property."

We review partition actions under the *Murphy v. Carron* standard, which requires that we sustain the trial court's order "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." 536 S.W.2d 30, 32 (Mo. banc 1976); *see also Felderman v. Zweifel*, 346 S.W.3d 386, 388 (Mo. App. W.D. 2011) (quoting *Hoit v. Rankin*, 320 S.W.3d 761, 765 (Mo. App. W.D. 2010)). Thus, "'[w]e defer to the trial court's findings of fact because of its superior ability to assess the credibility of witnesses.'" *Felderman*, 346 S.W.3d at 388 (quoting *Hoit*, 320 S.W.3d at 765). We review questions of law *de novo*. *Hoit*, 320 S.W.3d at 765.

"In a partition action, the judgment is not considered final until there is a final distribution of the property and an order which distributes all of the proceeds of the sale." *Polk v. Essen*, 249 S.W.3d 914, 918 (Mo. App. E.D. 2008). Without a final distribution, parties may nonetheless appeal under section 512.020(4), which "specifically permits an aggrieved party to appeal from '[i]nterlocutory judgments in actions of partition which determine the rights of the parties.'" *Id.* (quoting § 512.020). The "rights of the parties" under section 512.020(4) "are determined for the purposes of appeal when the 'interlocutory judgment determined title or quantum of interest in the subject real estate.'" *Felderman*, 346 S.W.3d at 388 n.2 (quoting *Polk*, 249 S.W.3d at 918).

"Thus, [section] 512.020(4) only provides appellate jurisdiction to review an

4

interlocutory judgment if the purpose of the appeal is to challenge the trial court's determination of a party's title to, or quantum of interest in, the property being partitioned." *Houpt v. Houpt*, 174 S.W.3d 92, 96 (Mo. App. S.D. 2005); *Polk*, 249 S.W.3d at 918 ("When there is no issue raised on appeal concerning the rights of the parties . . . then an interlocutory appeal of that order is not authorized pursuant to this section.").

Generally, section 528.030 establishes real property partition actions and allows for partition if division "can be done without great prejudice to the parties in interest; and if not, then for a sale of the premises, and a division of the proceeds thereof among all of the parties, *according to their respective rights and interests*."[4]  § 528.030 (emphasis added).  Section 528.160 further requires:

> The court shall ascertain from the evidence, in case of a default, or from the confession of the parties, if they appear, or from the verdict by which any issue of fact shall be determined, and shall declare the rights, titles and interests of the parties to such proceedings, petitioners as well as defendants, and determine such rights, and give judgment that partition be made between such of them as shall have any right therein accordingly.

§ 528.160.  Rule 96.08 reiterates this interest determination requirement, stating, "The court shall determine the interests of the parties and order partition in kind or the sale of the land."  Rule 96.08.  "Thus, in a partition action, a trial court must declare the

---

[4]  Section 528.030 states:

> In all cases where lands, tenements or hereditaments are held in joint tenancy, tenancy in common, or coparcenary, including estates in fee, for life, or for years, tenancy by the curtesy and in dower, it shall be lawful for any one or more of the parties interested therein . . . to file a petition in the circuit court of the proper county, asking for the admeasurement and setting off of any dower interest therein, if any, and for the partition of the remainder, if the same can be done without great prejudice to the parties in interest; and if not, then for a sale of the premises, and a division of the proceeds thereof among all of the parties, according to their respective rights and interests.

5

interests of the purported co-tenants in the property and must then either divide the property in kind or sell the property with the proceeds divided accordingly." *Hoit*, 320 S.W.3d at 774.

Importantly, "[q]uantum of interest refers to a party's *direct percentage of ownership interest* in the property." *Felderman*, 346 S.W.3d at 388 n.2 (quoting *Houpt*, 174 S.W.3d at 96) (emphasis added). Crucially, "[w]hen the property is sold, [t]he proceeds of the partition sale are to be used first to pay the costs and expenses of the proceedings, with the remainder to be distributed to the parties based on their respective ownership interests." *Houpt*, 174 S.W.3d at 97 (citation omitted). Without a direct percentage of ownership, remaining sale proceeds cannot be properly distributed.

Though "[i]nterlocutory orders in partition suits are appealable if they determine rights of parties," the interlocutory order must still "determine the interests of the parties with sufficient particularity." *Paulus v. Lipe*, 688 S.W.2d 405, 406 (Mo. App. E.D. 1985). Language that requires "further evidence and further orders" therefore "fails to determine the interests of the parties with sufficient particularity." *Id.* (holding that an interlocutory order stating "plaintiff is entitled to a portion of the reasonable use and enjoyment of said property by defendant" was not sufficiently particular to determine the former spouses' property interests).

The trial court's order for partition by sale erroneously declares or applies the law under *Murphy v. Carron* by inadequately declaring the parties' property interest only as "undivided." Here, the partition action for the sale of Bramlett and Reagan's property is not final, as the property has yet to be sold. Bramlett rightly concluded that

6

the trial court's order of sale remains interlocutory, stating, "The [j]udgment entered in this case is not a 'final' judgment, it is an interlocutory judgment that is subject to appeal by Missouri statute." Thus, Bramlett appeals the trial court's interlocutory order of sale under section 512.020.

As an interlocutory order of sale under section 512.020(4), the partition order needed to determine the "rights of the parties," meaning the quantum of interest held by Bramlett and Reagan. *See* § 512.020(4); *see also Felderman*, 346 S.W.3d at 388 n.2 (quoting *Polk*, 249 S.W.3d at 918). Bramlett disputes the trial court's quantum of interest determination in its order for partition by sale, since the order stated only that "Each party would own an undivided interest in and to the above referenced property." Reagan argues the trial court's interest determination "did not need to specifically delineate the parties' respective fractional or percentage interest in the property."

The trial court's language that Bramlett and Reagan own "an undivided interest" fails to sufficiently define the parties' quantum of interest. The quantum of interest is the parties' "direct percentage of ownership interest," and the order of sale does not specify the percentage of the property Bramlett and Reagan each own. An "undivided interest" does not define Bramlett and Reagan's interest with sufficient particularity just as "a portion of the reasonable use and enjoyment" is not sufficient. *See Paulus*, 688 S.W.2d at 406.

Without a numerical percentage, the parties do not have a clear interest determination sufficiently dividing the disputed property. Even the court using a fractional interest suffices. *See, e.g., Polk*, 249 S.W.3d at 916 (referring to siblings' ownership interests as "one-third" and "two-third"); *Felderman*, 346 S.W.3d at 388

7

(equating "one-half interest" to "fifty percent ownership"). Though the trial court determined Bramlett and Reagan possessed an "undivided interest," this interest determination lacked necessary specificity to divide sale proceeds.

Lastly, Bramlett's Points II and III presume that the "undivided interest" is valid but attack the sufficiency of evidence to show that Reagan had *any interest* in the property at all. "Every interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy." § 442.450. "In Missouri, there is a presumption that, unless the deed specifies otherwise, co-tenants take equal undivided interests in the property." *Johannsen v. McClain*, 235 S.W.3d 86, 87 (Mo. App. S.D. 2007) (citation omitted). This presumption, however, "may be rebutted if a party can present proof of disproportionate contribution to the purchase of the property . . . ." *Id.* This, in turn, may be rebutted by "[e]vidence of a relationship between co-tenants suggestive of donative intent" of the parties." *Felderman*, 346 S.W.3d at 389. Since the trial court's finding of "undivided interest" is insufficient to determine the amount of ownership assigned to Reagan, we cannot reach Points II and III with respect to the sufficiency of evidence supporting the interest determination.

## Conclusion

The trial court's order of sale is reversed and the matter is remanded for the court to specify the parties' quantified percentage of property interests in the order of sale consistent with this opinion.

_____
Janet Sutton, Judge

Hardwick, P.J. and Chapman, J. concur.